WILLIAM ROBERTSON v. JOHN H. McCLAY ET AL.

Decided November 17, 1898.

**1. Registration—Innocent Purchaser—Burden of Proof.**

The burden is upon a purchaser seeking to avoid the effect of a prior unrecorded conveyance by the grantor, to prove that he paid value for the property.

**2. Same—Recital in Deed of Consideration Paid Not Evidence.**

The recital of the consideration in a deed is not evidence of its payment as against a grantee in a prior unregistered conveyance.

**3. Same—Lien Creditor Without Notice.**

A creditor who, by attachment or other legal process, fixes a lien upon land as that of his debtor, acquires under the statute a right superior to that of the grantee in a prior unregistered conveyance of the property made by the debtor, where, at the time of the acquisition of the lien, the creditor had no notice of such prior conveyance.

**4. Levy—Description of Land In.**

The description of land in the levy of an attachment as "lot No. 7 in southwest block of outlot 139, in the city of Galveston," is sufficient, although outlot 139 has never been regularly platted into blocks and lots, where, if it were so platted in conformity with the platted portion of the city, the property in controversy would appear as lot No. 7 in the southwest block, and it is shown by the statements of real estate agents and a surveyor, that the reference to the property as lot No. 7 would identify it equally as well as if it were described by metes and bounds.

**5.  Public Policy.**

It is not against public policy for a purchaser of land under a prior unrecorded deed to combine with an attaching creditor in purchasing the land at a sale under the attachment, in order to cut off a subsequent purchaser whose deed was recorded before his own, but after levy of the attachment.

Appeal from Galveston.  Tried below before Hon. W. H. Stewart.

*John S. Gregory,* for appellant.

*Mann & Baker,* for appellees.

WILLIAMS, Associate Justice.—This was an action of trespass to try title, brought by appellant against appellees to recover a parcel of land which is a part of outlot 139 in the city of Galveston.

The cause was tried upon facts agreed to and submitted to the court below, about which there is no dispute.  They are set forth in the record, and this renders it unnecessary that we should make any formal findings of the facts.  But to make our opinion intelligible, it is stated that title to the property is deraigned by both parties from one Gilbert M. Barnes.  Plaintiff's title consisted of a deed from Barnes, dated January 7, 1893, but not recorded until August 2, 1893.  This deed recites a consideration of $1000, but there is no other evidence that any consideration was paid for the land by plaintiff.  The defendants' title was as follows:

1.  Deed from Gilbert M. Barnes to John H. McClay, dated May 17, 1892, recorded August 24, 1893.

2.  On the 14th of April, 1893, Joseph Boehmer, a nonresident of the State, sued Barnes, also a nonresident, in the District Court of Galveston County for a debt, and sued out an attachment which was on the same day levied, as shown by return thereon, upon "Lot (7) seven in southwest block of outlot 139, in city of Galveston," and upon other lots as the property of G. M. Barnes, pointed out by M. M. Mann, attorney of record for plaintiff, as the property of G. M. Barnes.

This suit was regularly prosecuted to judgment with foreclosure of attachment lien to pay the debt declared on, which judgment was rendered July 20, 1893.

An order of sale issued on this judgment August 5, 1893, but a temporary injunction was sued out, restraining the sale, by John H. McClay, who set up his rights under the above stated deed.  An agreement was then made between Boehmer and McClay that the sale should proceed, and that the property should be bought by McClay for their joint account.  This was carried out and the sale was made, McClay bidding $800 for this and the other property levied on under the attachment, which bid, with Boehmer's consent, was credited upon the judgment.  McClay in this purchase acted as trustee for Boehmer and the Columbia National Bank, and afterwards conveyed an undivided half interest in the property of Boehmer, and said bank and the other appellee, the

Quincy National Bank, are now the owners and holders of the property thus acquired.

At the time of the conveyance from Barnes to himself, and of the registration thereof, plaintiff had no notice of the prior deed from same party to McClay; and at the date of the levy of the attachment neither Boehmer nor McClay had any notice of the deed from Barnes to plaintiff. The deed from Barnes to McClay, being older in date than that to plaintiff, must prevail unless plaintiff showed himself to have been an innocent purchaser for a valuable consideration. It appears that he had no notice of the prior deed, but not that he paid value for the property. The burden was upon him to prove the latter fact before he could entitle himself to have the older deed postponed to that under which he claimed. The recitation in his deed of a consideration was no evidence as against McClay of its payment. Watkins v. Edwards, 23 Texas, 448; Hawley v. Bullock, 29 Texas, 224. But if the deed to McClay were postponed to that of plaintiff, defendants would still have the better title.

It is settled beyond controversy that, under our statutes, a creditor who, by attachment or other legal process, fixes a lien upon land, as that of his debtor, acquires a right superior to that of the vendee in a prior unregistered conveyance of the property made by such debtor, where at the time of the acquisition of the lien the creditor has no notice of such deed. Grace v. Wade, 45 Texas, 522.

The superior right thus acquired passes to the purchaser at the sale made in enforcing such lien, and it matters not that such purchaser at the time of his purchase has notice of the unrecorded deed or credits his bid upon the execution. This principle clearly entitles appellees to recover, if the attachment proceedings were sufficient to establish the lien. By the attachment and service of notice upon Barnes as required by statute, the court acquired jurisdiction to enforce the lien. Some objections to the return are urged, but we consider none of them worthy of special notice, except that which questions the sufficiency of the description of the property in the levy. This depends upon the answer to the question whether or not lot No. 7, in the southwest block of outlot No. 139, can be recognized and identified by persons familiar with the locality.

It is admitted that outlot 139 has never been regularly platted into blocks and lots, as have been some of the other of such lots in the city limits, but that if it were so platted "in conformity with the platted portion of the city" the property in controversy would appear as lot No. 7 in the southwest block. It was further shown by the statements of a real estate agent and a surveyor, admitted without objection, that a reference to the property as lot No. 7 would identify it equally as well as if it were described by metes and bounds. This in our opinion is sufficient, in the absence of opposing evidence, to meet the requirements of the rule stated. It shows, prima facie at least, that the property is so well known as lot No. 7 that a reference to it by that number enables those acquainted with the locality to recognize and point it out.

The plaintiff in his petition described the property as lot No. 7 in

southwest block of outlot 139. It is urged that this, as well as the testimony referred to, related to the situation of the property at a later date than that of the levy of the attachment, and hence does not show that the description given in the levy was good when made. But there is nothing whatever to indicate any difference in the situation at the several dates. The testimony of the surveyor seems to cover a long period of time antedating the levy.

There is nothing in the objection made to the agreement between McClay and Boehmer. No rule of law or of public policy forbade them to thus settle their differences and combine their titles.

*Affirmed.*