LINUS E. SOUTHWICK, APPELLEE, v. ETTA M. REYNOLDS ET AL., APPELLEES; GREAT WESTERN COMMISSION COMPANY, APPELLANT.

FILED FEBRUARY 19, 1916. No. 18629.

1. Mortgages: FORECLOSURE: PLEADING: PRIORITY. In a suit to foreclose an unrecorded mortgage, a cross-petitioner seeking to foreclose, as a first lien, a subsequent mortgage, duly recorded, must allege the actual consideration therefor and the payment thereof, and must also allege facts showing that he took his mortgage without notice of plaintiff's interests.

2. ———: ———: PRIORITY: CONSIDERATION: PROOF. In a suit to foreclose an unrecorded mortgage, where a cross-petitioner seeks to foreclose, as a first lien, a subsequent mortgage, duly recorded, the presumption that the secured note was issued for a valuable consideration is insufficient for the purpose of showing the actual consideration paid.

3. Appeal: DENIAL OF CONTINUANCE. Where a cross-petitioner obtains all the relief to which he is entitled under his pleadings, the denial of a continuance requested by him is not prejudicial error.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*John D. Ware,* for appellant.

*R. M. Proudfit* and *John N. Dryden, contra.*

ROSE, J.

Plaintiff brought this suit to foreclose a lien on two and a half sections of land in Dawson county. Of the realty in controversy, Etta M. Reynolds had entered into contracts to purchase from the Union Pacific Railroad Company two sections, and from Jesse Good a half-section, and to pay the purchase price in instalments. Before maturity of a number of the payments, she borrowed from plaintiff $6,500, March 6, 1908, gave him a note executed by herself and her husband, defendants, and secured the loan by assigning to the payee the land contracts mentioned. Pursuant to the terms of the assignment, plaintiff, upon default of assignors, paid the deferred instalments and taxes in full, and by deeds from the vendors acquired the legal title to the lands described. The assignment was not recorded in Dawson county. Plaintiff prays for a foreclosure of the land contracts. The proceeding amounts to a suit to foreclose a mortgage. Defendants made no defense. In a cross-petition, however, the Great Western Commission Company pleaded that defendants executed and delivered to it October 12, 1908, their promissory note for $2,338.32 and secured it by incumbering the same lands with a mortgage recorded October 21, 1908, that the assignment of the land contracts was never recorded, and that cross-petitioner "had no knowledge of the existence of said contracts" until May 31, 1911. A lien superior to plaintiff's assignment was asserted by cross-petitioner, and there was a prayer for a foreclosure of the mortgage. The reply admitted that the note and the mortgage pleaded in the cross-petition were delivered to the payee; that the mortgage was recorded, and that plaintiff's assignment was not recorded. The trial court found that plaintiff had the

Southwick v. Reynolds.

first lien, and ordered a foreclosure thereof, but granted the cross-petitioner permission to apply for the surplus, if any, after payment of plaintiff's claim from the proceeds of a foreclosure sale. Cross-petitioner has appealed.

It is argued that the pleadings of plaintiff do not state facts sufficient to constitute a cause of action to foreclose a first lien, the defect urged being a failure to plead that cross-petitioner had actual notice of the unrecorded assignment of the land contracts or unrecorded mortgage. On the record presented, the point does not seem to be well taken. Cross-petitioner sought to establish a lien prior to plaintiff's unrecorded mortgage. In this situation the burden was on it to allege and prove facts showing that it was a *bona fide* purchaser or incumbrancer for value. *Sanely v. Crapenhoft,* 1 Neb. (Unof.) 8; *Dundee Realty Co. v. Leavitt,* 87 Neb. 711; *Upton v. Betts,* 59 Neb. 724. In the latter case, quoting from 2 Pomeroy, Equity Jurisprudence (3d ed.) sec. 785, it was said: "The allegations of the plea, or of the answer, so far as it relates to this defense, must include all those particulars which, as has been shown, are necessary to constitute a *bona fide* purchase. It should state the consideration, which must appear from the averment to be 'valuable' within the meaning of the rules upon that subject, and should show that it has actually been paid, and not merely secured. It should also deny notice in the fullest and clearest manner, and this denial is necessary, whether notice is charged in the complaint or not."

Plaintiff insists that the judgment of the district court should be affirmed on the ground that the cross-petition does not state facts showing that cross-petitioner is a *bona fide* purchaser or incumbrancer entitled to a lien superior to plaintiff's unrecorded mortgage or unrecorded assignment. What is urged as a fatal defect is the failure of cross-petitioner to allege a consideration and the payment thereof. Is the position thus taken tenable? Cross-petitioner's answer to the argument on this point is that the cross-petition sets out the note, which recites that, for

value received, the makers promise to pay to the Great Western Commission Company $2,338.32. In this connection cross-petitioner invokes the statutory provision that "every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration." Rev. St. 1913, sec. 5342. This. presumption would arise in a suit on the note or in an action to foreclose a mortgage securing it, but the rule seems to be otherwise where the holder of the note is claiming precedence over a prior unrecorded mortgage, as a purchaser or incumbrancer for value without notice. The present controversy over the priority of mortgages is controlled by the rule applicable to deeds. In *American Exchange Nat. Bank v. Fockler,* 49 Neb. 713, it was held that a purchaser seeking to defeat a prior unrecorded mortgage must, among other things, plead and prove "that for the property it parted with or paid a valuable consideration, what that consideration was, and that it paid or parted with such consideration before receiving notice of the mortgage."

The author of the opinion in that case quotes from *Long v. Dollarhide,* 24 Cal. 218, wherein it was said: "Had the defendant, however, shown a deed from Vaca, recorded before that of the plaintiffs, he would have failed in making out this defense; for, aside from the recitals contained in his deed, he offered no evidence showing himself a subsequent purchaser in good faith and for a valuable consideration. The burden of proving this rested upon him, and the recitals of the deed are not, as he contends, *prima facie* proof of a valuable consideration. Such recitals are but the declarations of the grantor, and it has never been held that the declarations of a vendor or assignor, made after the sale or assignment, can be received to defeat the title of the vendee or assignee. A party seeking to bring himself within the statute cannot rely upon the recitals of his deed, but must prove the payment of the purchase money *aliunde.*"

These views have generally been adopted by other courts: *Nolen & Thompson v. Heirs of Gwyn,* 16 Ala. 725;

*Lake v. Hancock*, 38 Fla. 53; *Roseman v. Miller*, 84 Ill. 297; *Kruse v. Conklin*, 82 Kan. 358; *Shotwell v. Harrison*, 22 Mich. 410; *Richards v. Snyder & Crews*, 11 Or. 501; *Coxe v. Sartwell*, 21 Pa. St. 480; *Robertson v. McClay*, 19 Tex. Civ. App. 513.

The supreme court of the United States, in discussing the plea of purchaser in good faith, said: "The consideration must be stated, with a distinct averment that it was *bona fide* and truly paid, independently of the recital in the deed." *Boone v. Chiles*, 10 Pet. (U. S.) *177, *211.

For the reasons stated, the conclusion is that cross-petitioner did not allege facts showing that it was entitled to a lien superior to plaintiff's.

The overruling of a motion for a continuance is also challenged by cross-petitioner as erroneous. It is unnecessary to pass on the merits of this assignment, since cross-petitioner obtained all of the relief to which it was entitled under its pleadings.

AFFIRMED.

SEDGWICK, J., concurs in the conclusion.