CITY OF LAREDO v. SALINAS.

(No. 5736.)

(Court of Civil Appeals of Texas. Dec. 13, 1916. Rehearing Denied Jan. 24, 1917.)

1. LANDLORD AND TENANT ⟝63(1)—ESTOPPEL TO DISPUTE LANDLORD'S TITLE.

The rule that a tenant cannot dispute his landlord's title applies where the tenant seeks to acquire title by virtue of the possession obtained by the lease, but not where he acquires an outstanding title, under which he claims title to the land superior to the landlord's.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 160, 163, 165–167, 172–174; Dec. Dig. ⟝63(1).]

2. CONSTITUTIONAL LAW ⟝171—VENDOR AND PURCHASER ⟝248—STATUTORY PROVISIONS —VESTED RIGHTS—OBLIGATION OF CONTRACTS.

Rev. St. arts. 5694, 5695, prescribing when the right to recover realty under a vendor's lien shall be barred, and how contracts of extension of the maturity of the debt shall be made and construed, are not violative of Const. art. 1, § 16, providing that no bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts shall be made, since the articles are acts of limitation, prescribing the time in which to seek the remedy, and do not take away vested rights, or impair the obligations of a contract.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 506; Dec. Dig. ⟝171; Vendor and Purchaser, Cent. Dig. § 617; Dec. Dig. ⟝248.]

3. MUNICIPAL CORPORATIONS ⟝225(6)—FORFEITURE OF LAND SOLD BY CITY — ORDINANCE.

Where a city's ordinance, authorizing the sale of its lands, provided that a forfeiture thereof should be made by the city secretary's indorsing on the notes "Land forfeited," and making an

entry to that effect on the "account of sales" kept by him, where the indorsement was not made on the notes, and no entry was made on the account by the city secretary, there was no forfeiture of lands to the city for default in payment of interest.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 641; Dec. Dig. ☞ 225(6).]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by the City of Laredo against Antonio Salinas. From a judgment for defendant, plaintiff appeals. ' Judgment affirmed.

A. Winslow, of Laredo, for appellant. T. C. Mann, John L. Dannelley, and C. M. Henry, all of Laredo, for appellee.

SWEARINGEN, J. Appellant filed its original petition, alleging a "trespass to try title" suit against appellee to recover two described lots of land in the city of Laredo, to which appellee answered by a plea of "not guilty." Appellant thereupon filed its first supplemental petition, in which it was alleged that the title in appellee had been forfeited by reason of default in the payment of interest accrued on the purchase-money notes received by appellant for the land, and in the alternative alleged that the vendor's lien notes had never been paid, and asked for judgment on the notes and foreclosure of the vendor's lien, and still further in the alternative alleged that appellant owned the superior title to the land, and asked for judgment rescinding the sale and for recovery of the land. To these allegations appellee answered that the land had never been forfeited; that the suit to foreclose the vendor's lien was barred by the statute of limitation, and that the suit to rescind was also barred by the statute of limitation. The case was tried by the court without a jury. Judgment was rendered in favor of appellee.

[1] The rule of law, alleged by appellant, in his first assignment, to have been violated by the trial court in sustaining an exception to the petition, is that a tenant cannot dispute his landlord's title. This is the rule where the tenant seeks to acquire title by virtue of the possession obtained by the lease. Tyler v. Davis, 61 Tex. 674. But this is not the rule where the tenant acquires an outstanding title, under which he claims title to the land superior to his landlord. McKie v. Anderson, 78 Tex. 207, 14 S. W. 576; Dodge v. Phelan, 2 Tex. Civ. App. 441, 21 S. W. 309. The first assignment is overruled.

[2] The second, third, fourth, and fifth assignments assert that the judgment was wrong, because the uncontroverted evidence showed: (1) That the land had been forfeited to appellant by virtue of a valid ordinance; (2) that the superior title was in appellant, because a vendor's lien had been expressly retained in the deed from appellant, which deed is one of the mesne conveyances under which appellee claims title, and the lien had never been extinguished by payment of the purchase price. The evidence shows the notes, secured by the vendor's lien, matured April 1, 1909. The right to sue to recover the amount of the notes themselves and to foreclose the lien was barred, under the facts of this case, April 2, 1913. R. C. St. § 5688. The right to sue to enforce the superior title in the vendor, under the facts of this case, was barred April 2, 1913. R. C. St. § 5694. Provided, however, the city of Laredo had a reasonable time after the statute (section 5694) became effective in which to file suit. Link v. City of Houston, 94 Tex. 378, 59 S. W. 566, 60 S. W. 664. The subsequent article of the statute (5694) fixed the reasonable time at 12 months after the act became effective. The act became effective June 30, 1913. The 12 months' time after June 30, 1913, added by the act to the date of maturity of the note, makes June 30, 1914, the last day during which the city of Laredo could file suit to rescind the sale and recover the land by reason of its superior title. The suit was actually filed June 16, 1915, on which day the right to maintain the action was barred. Articles 5694 and 5695 do not violate the Texas Constitution. Article 1, § 16. These articles are acts of limitation, which prescribe the time in which to seek the remedy, and they do not take away vested rights or impair obligation of contract. Parker v. Buckner, 67 Tex. 20, 2 S. W. 746; Mellinger v. City of Houston, 68 Tex. 38, 3 S. W. 249; City of Houston v. Stewart, 40 Tex. Civ. App. 499, 90 S. W. 49; Ollivier v. Houston, 93 Tex. 201, 54 S. W. 940, 943. From the foregoing it is apparent that the suit to foreclose the vendor's lien was barred when brought, and the suit to recover the land under claim of superior title was also barred.

The only other question presented in the assignments is the proposition that the lands in this suit became forfeited to the appellant because of default in the payment of interest. For this appellant relies upon the fourth section of the ordinance authorizing the sale of the lands to the following effect:

"Section 4th. Every purchaser on time shall give his promissory note for the balance of the purchase price, which note shall be made payable to the city of Laredo, according to the terms of the purchase, secured by a vendor's lien, expressly reserved therein, and the note shall provide that in default of payment of any interest due thereon, the said purchaser shall thereby forfeit all rights to the land, and in the event of such default the city secretary shall indorse on said note 'Land forfeited' and shall make an entry to that effect on the account of sales kept by him and thereupon the said lands shall be forfeited to the city, without the necessity of re-entry or judicial ascertainment, and the same may thereafter be resold by the city, in the same manner as if no sale had been made."

And also the following recited in the vendor's lien notes:

"And in case of nonpayment of the principal or any interest accrued at the time same is payable, then the owner or holder hereof may have the said lands forfeited according to the ordinance in such case provided."

[3] It will be observed that this ordinance is very similar to article 5423, regulating forfeiture on account of default in the payment of interest on notes given for purchase of lands from the state, and particularly in this that the forfeiture does not accrue unless the city secretary shall indorse on said note "Land forfeited," and in addition to such indorsement shall make an entry to that effect on the "account of sales" kept by him. The evidence shows that the indorsement of "Land forfeited" was not made on the notes by the city secretary, and further shows that no entry to that effect was made by the city secretary on the "account sales." There was therefore no forfeiture. Chief Justice Phillips construes article 5423 thus:

"Both the indorsement upon the obligation of the purchaser and the entry on his account are required by the statute only as authentic evidence of the forfeiture. But, while this is true, the statute is clear in its declaration that a forfeiture does not accrue until it is thus evidenced." Chambers v. Robison (Sup.) 179 S. W. 123.

All of the assignments are overruled, and the judgment of the trial court is affirmed.