Being unable to conclude that we erred in our former disposition of the case, appellant's motion for rehearing is overruled.

———

QUICK v. ANDERSON et al. (No. 6592.)

(Court of Civil Appeals of Texas. San Antonio. June 2, 1921. Rehearing Denied June 22, 1921.)

1. Vendor and purchaser ⊜278—Vendor's lien barred by lapse of time.

Where vendor's lien notes executed in 1910, and due, respectively, in 1911 and 1912, did not pass to plaintiff until 1920, action thereon and upon vendor's lien reserved was barred by Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, providing that actions on vendor's lien notes shall be barred after the expiration of four years from the maturity of such indebtedness, for the act which gave 12 months in which to institute suit on the superior title went into effect July 1, 1913.

2. Limitation of actions ⊜4(2)—Vendor and purchaser ⊜248—Statutes shortening time for action on vendor's lien notes valid.

Vernon's Sayles' Ann. Civ. St. 1914, arts. 5694, 5695, shortening the time for action on existing vendor's lien note, is valid, and not unconstitutional as being retroactive.

Appeal from District Court, Dimmit County; J. F. Mullally, Judge.

Action by Leon W. Quick against J. S. Anderson and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Vandervoort & Johnson, of Carrizo Springs, for appellant.

N. A. Rector, of Austin, and A. L. Green, of Fort Worth, for appellees.

FLY, C. J. This is an action instituted by appellant against the nine appellees, consisting of J. S. Anderson and his wife Ardie J. Anderson, Lee Howell, the Empire Gas & Fuel Company, the Equitable Trust Company of New York, J. R. Harris, trustee, A. J. Vestal, C. E. Oxford, and the Bank of Snyder, the allegations in substance being: That on or about December 5, 1910, J. S. Anderson and L. W. Webb executed to Harry Hust, S. P. Brundage, H. C. King, and Eli Howell two promissory notes, one for $1,306.66 and the other for $1,306.67, the former due on September 5, 1911, the latter on June 5, 1912, both reciting that they were given for part of the purchase money of certain lots or parcels of land in Bermuda Colony and in the town of Brundage in Dimmit county, which land had, on even date with the notes been conveyed by the payees to the payers; a vendor's lien being reserved therein to secure payment of the notes. That on May 27, 1911, the payees in the notes and makers of the deed assigned the notes and conveyed their superior title to the Bankers' Trust Company of St. Louis, Mo., and on September 23, 1920, said last-named company duly transferred the second note herein described to appellant for a valuable consideration, and that the same is due and unpaid. It was further alleged that on January 29, 1912, J. R. Harris, trustee, acting for defendant C. E. Oxford, recovered against the said Hust and Brundage, a judgment for $2,117.25, that on January 1, 1911, the Bank of Snyder recovered judgment against Eli Howell for $1,273; that each of these defendants is asserting claim to the lands, and appellant prayed that he have judgment for the real estate and premises described, and that the title be divested out of all defendants, and be invested in appellant. The court sustained a general demurrer, and, appellant refusing to amend, the cause was dismissed.

If the suit can be classified at all, it was intended as an action in trespass to try title, because its object was to recover certain lands.

[1] If it be held that the allegations show that appellant had acquired the superior title to the land by purchase of one of the notes, his cause of action was clearly forfeited by the statute when he instituted his suit, as appears from the allegations of his petition.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

He shows that the notes were executed on December 5, 1910, and one became due on September 5, 1911, and the other on June 5, 1912, and that he obtained the note due on June 5, 1912, on September 23, 1920, more than eight years after it became due. Under the acts of the Legislature of 1913, it is enacted that the right to recover any real estate by virtue of a superior title retained in any deed of conveyance heretofore or hereafter, or in any vendor's lien note or notes heretofore or hereafter executed, given for the purchase money of such real estate, shall be barred after the expiration of four years from the maturity of such indebtedness. It is further provided that the lien shall cease to exist with the bar of the debt. Twelve months was given by this act after it went into effect, in which to institute suit on the superior title. The act took effect on July 1, 1913, and the time in which the suit could be prosecuted, in this instance, on the superior title was up to June 30, 1914. At that time the note had been due for two years. The vendor's lien became barred with the note in 1916, more than four years before appellant obtained a transfer of it. Vernon's Sayles' Ann. Stats. arts. 5694 and 5695.

[2] It is the claim of appellant that the articles cited are unconstitutional because retroactive as to notes and liens executed prior to 1913, and because the rights as to superior title had already vested in 1910, when the land was sold and the notes executed, and the statute could not destroy that right. This question has been decided against the contention of appellant by several of the Courts of Civil Appeal of Texas, among the number, this court. City of Laredo v. Salinas, 191 S. W. 190; Key v. Jones, 191 S. W. 736; Cathey v. Weaver, 193 S. W. 490; Bunn v. City of Laredo, 208 S. W. 675; Bean v. Case Mach. Co., 221 S. W. 634. As said by Associate Justice Swearingen, for this court in the cited case of Bunn v. Laredo:

"By these articles [5694 and 5695] the right to use the courts for enforcement of the contracts ceased at a specified time. The conclusive presumption of payment also goes to the right of procedure in the courts. The statutes do not destroy the actual rights of the parties, though in many cases the bar of the remedy, either by taking away the right to maintain a suit or the right to introduce evidence upon a trial, reaches the precise result that would be reached had the statute actually destroyed the right itself, and 'not the remedy only, but not in all cases."

Writs of error have been refused in the cases of Laredo v. Salinas and Bean v. Machine Co., and we have seen no Texas decision that sustains the contention of appellant. It is unnecessary to further discuss the question.

The judgment is affirmed.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes