## HOLFORD et al. v. PATTERSON. *
### (No. 1906.)

(Court of Civil Appeals of Texas. Amarillo. March 15, 1922. Second Motion for Rehearing Denied April 12, 1922.)

1. **Attachment** ⬥182—**Record of attachment in county where suit pending is constructive notice to purchasers.**

Under Rev. St. art. 6842, declaring the record of any instrument authorized or required to be recorded notice of the existence thereof, and article 6858, relative to the recording of attachments, and providing that in counties other than the one in which suit is pending the lien shall not be valid against purchasers for value and without notice unless recorded, an attachment lien, filed in the county in which the suit is pending, is constructive notice to purchasers pendente lite.

2. **Attachment** ⬥182—**Statute as to recording not repealed by statute as to notice of lis pendens.**

Rev. St. arts. 6837, 6839, 6840, relative to the filing and recording of lis pendens notice, do not expressly or impliedly repeal article 6858, authorizing the record of an attachment lien, so as to make such record in the county where the land is situated of no effect.

3. **Attachment** ⬥182—**Clause, if treated as exception or proviso, strictly construed.**

If the provision of Rev. St. art. 6858, that an attachment lien shall not be valid against subsequent purchasers, for value and without notice, of real estate in a county other than the one in which the suit is pending unless recorded, be treated as an exception or proviso intended to restrict the enacting clause, it will be strictly construed, and take no case out of the enacting clause which does not fall fully within its terms.

4. **Statutes** ⬥207—**Particular intent inconsistent with general intent treated as exception, and will stand.**

When a statute first expresses a general intent and afterwards an inconsistent particular intent, the latter will be taken as an exception to the former, and both will stand.

5. **Statutes** ⬥159—**Existing statutes not repealed unless repugnancy unavoidable.**

A statute without negative words will not repeal existing statutes, unless there is an unavoidable repugnancy.

6. **Lis pendens** ⬥13—**Holders of liens, record of which constitutes constructive notice under other laws, are excluded from statute requiring notice.**

Rev. St. arts. 6839, 6840, providing that the pendency of a suit or action involving title to land shall not prevent effective transfers for valuable consideration and without other notice, actual or constructive, unless notice of lis pen-

dens is properly filed, saves from that act lienholders filing their liens under some other law making the record thereof constructive notice.

**7. Attachment 181 — Burden on purchaser pendente lite to show purchase for value and without notice.**

Under Rev. St. arts. 267, 268, relative to the lien of attachments, and articles 6839, 6840, relative to the filing of lis pendens notice, the burden of proof is on one purchasing land pending an attachment suit to show that she purchased without notice and for value.

**8. Attachment 181—Mortgages 186 (3) —Burden not on creditor to show lack of notice of prior unrecorded deed or mortgage.**

Under the registration law, a creditor is not required to show that he had no notice of a prior unrecorded deed or mortgage at the time of securing his lien on the land fixed by legal process, and the burden is on the holder of a prior unrecorded instrument to prove notice of his rights to the creditor at the time of the levy.

**9. Attachment 201 — Foreclosure and sale relates back to levy and divests title which debtor then had.**

The foreclosure of an attachment lien and a sale thereunder relates back to the levy, and divests the title out of the debtor which he had at the date of the levy.

**10. Attachment 20—Not rendered void by subsequent attachment in the same suit.**

Where a writ of attachment was issued and levied on April 10th, and properly recorded, and another attachment was issued in the same suit and levied on the same land on August 4th, but the first writ was not defective, and the court found it to be a first lien, and decreed foreclosure and sale of the debtor's interest in the property as of its date, the second writ did not render the first attachment void so as to permit intervening rights.

**11. Attachment 182—Purchaser held not entitled to attack writ, levy, and judgment.**

One purchasing land pending a suit in which the interest of a person therein had been attached *held* not entitled to attack the writ, levy, and judgment of foreclosure in a suit to partition the land brought by the purchaser at the attachment sale.

**12. Mortgages 424—Lien barred when extension was not made and recorded until after land sold under attachment.**

Under Rev. St. art. 5695, relative to the making and recording of a contract extending maturity of a debt secured by mortgage or vendor's lien, where the note secured by a mortgage was more than four years overdue before the attachment of the land, and a contract of extension was not made until after foreclosure of attachment lien and sale of the land, the note and mortgage lien were barred and not enforceable against the purchaser.

**13. Mortgages 424—Statute as to extension or time for bringing suit applies to maker and subsequent purchasers.**

Rev. St. art. 5695, providing that if the debt secured by mortgage and the lien is not extended or recorded, or suit brought within four years after maturity of the debt, the right to extend of record or to bring suit shall be forever barred, applies to the original maker, as well as to subsequent purchasers of the land.

**14. Mortgages 424 — Purchaser at attachment sale may plead limitations against lien and debt.**

A creditor attaching his debtor's land and purchasing the land on foreclosure of the lien more than four years after the maturity of the debt secured by a mortgage may plead limitations against a cross-action for foreclosure of the mortgage.

**15. Limitation of actions 148(4)—Persons renewing debt after it was barred by limitations held personally liable.**

Where the owners of land subject to a mortgage securing a debt which was more than four years overdue, and one to whom they sold the land pending suit in which the land was attached, renewed the debt by an extension agreement, made and recorded after sale of the land under attachment, they rendered themselves liable on the debt as a personal obligation.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Suit by J. W. Patterson against Elva I. Holford and others. From a judgment for plaintiff, defendants appeal. Affirmed.

P. B. Randolph, of Plainview, for appellants.

Kinder, Russell & Griffin, of Plainview, for appellee.

HUFF, C. J. At a former day of this court we affirmed this case. A motion for rehearing has been presented, and upon its consideration we have decided to rewrite our opinion and withdraw the former one, and give additional reasons for affirming this case.

Appellee Patterson sued W. H. Holford, Elva I. Holford, and A. B. Hawk, to partition 200 acres of land situated in Hale county, Tex. It is alleged W. H. Holford was asserting some kind of interest in the land, and that appellee owned an undivided one half interest thereof, and that Elva I. Holford the other half, but that she was claiming the whole; that Hawk is claiming a lien on the entire tract of land, and that his lien accrued more than four years prior to the filing of the suit, and no renewal of the lien had been executed or recorded; that if Elva I. Holford in her purchase from L. L. and W. H. Holford assumed the payments of Hawk's notes it was after appellee's rights attached; that the whole debt, if established, should be charged against her land. His prayer is that he be quieted in his title to his one-half interest, and that the cloud be removed therefrom, and for partition. Elva I. Holford answered by general denial and

---

not guilty; that she owned the whole of the tract, and if foreclosure was had that it be granted against the whole of the land. Hawk asked for foreclosure of the lien against the entire tract, setting up the facts constituting his rights, and denying the bar of the lien. W. H. Holford disclaimed any interest and alleged he had conveyed his interest to Elva I. Holford. The appellee answered the several pleas by general denial and not guilty as to Elva I. Holford and A. B. Hawk, and pleaded the four-year statute of limitations as to Hawks' plea for foreclosure of the lien on appellee's undivided one-half interest. This action was filed December 15, 1920, and on the 3d day of August, 1921, the petition was amended by bringing in Hawk as a party in place of A. C. Tubb, the original payee in the note, which he had transferred to Hawk. By judgment the trial court decreed the title to be in appellee Patterson and appellant Elva I. Holford, each owning an undivided half interest therein. He decreed a partition of the land between them, appointing commissioners. He finds and decrees as to the interest of appellee Patterson that the lien set up by Hawk accrued more than four years before the filing of the suit, and was barred by the statute of limitation, and that Hawk take nothing as against appellee, and that his prayer for foreclosure on appellee's interest in the land be denied; that Elva I. Holford was indebted to Hawk, and that he recover the debt against her, with foreclosure against her interest, which should be set aside to her by the commissioners, and after approval of the court of the report and when so partitioned it was decreed to be sold to pay the indebtedness due Hawk.

The appellee Patterson's title is stated as follows: J. J. Bratton is the common source; deed dated December 21, 1907, from J. J. Bratton to W. H. and L. L. Holford to the land in question; duly filed for record September 30, 1908.

In cause No. 1812, on the district court docket of Hale county, Tex., J. W. Patterson v. L. L. Holford, caused to be issued a writ of attachment April 10, 1920, and the return thereon showing its execution on the same day by levying on the land in question as the property of L. L. Holford, and the attachment lien records of Hale county, showing the filing and recording of the attachment and the sheriff's return thereon. The parties to the suit and the amount of the debt, $1,400. The record shows that it was filed for record and recorded April 7, 1920.

Judgment in cause No. 1812, J. W. Patterson v. L. L. Holford, September 11, 1920, reciting the appearance of the parties and a trial before the jury, who rendered a verdict for $1,400 and for foreclosure of the attachment lien, and judgment thereon for the sum of $1,400 in favor of Patterson,

against L. L. Holford, with 6 per cent. interest from date of judgment, and foreclosure of the attachment lien on the undivided one-half interest owned by L. L. Holford in and to the land in question, directing the sale of the property in satisfaction of the judgment. Order of sale issued on the above judgment October 11, 1920, to sell the land. The sheriff's return, showing the levy and sale by virtue thereof, reciting that the sale was made to J. W. Patterson, who was the bidder at such sheriff's sale.

Sheriff's deed to Patterson dated the 8th day of December, 1920, conveying the land to appellee, setting out the judgment of foreclosure and conveying all the interest L. L. Holford had in and to the land on the 10th day of April, 1920.

Elva I. Holford secures her rights as follows: Through a deed executed by W. H. Holford and wife and L. L. Holford and wife, to Elva I. Holford, dated April 16, 1920, filed for record April 21, 1920, conveying the entire 200 acres of land for the recited consideration therein of $2,000 paid and the assumption of a certain mortgage upon the land for the sum of $1,100 in favor of A. C. Tubbs, and $195 due the state of Texas.

A. B. Hawk's claim is as follows: A mortgage executed by W. H. and L. L. Holford to A. C. Tubbs on the entire 200 acres of land in question, reciting that it was to secure a note due Tubbs by the mortgagors, the Holfords, in the sum of $1,100 with interest at 6 per cent. per annum. The mortgage and note are dated October 17, 1910, and the note was due and payable two years after date. The mortgage was filed for record November 10, 1910.

On the 28th day of December, 1920, A. C. Tubbs, in consideration of $1,100 paid by A. B. Hawk, transferred by a written instrument, acknowledged for record, the above mortgage, bearing date the 17th day of October, 1910, on the 200 acres of land in suit, together with the note described therein and the money due and to become due thereon, with interest from the 7th day of November, 1920. This instrument was filed for record January 10, 1921.

Hawk also relies upon an extension agreement dated the 5th day of February, 1921, and filed for record February 14, 1921. This extension agreement purports to have been made between A. B. Hawk, as the then present legal owner and holder of the note, and W. H. and L. L. Holford, the makers of the note, joined by Elva I. Holford, the owner of the land. It purports to extend the maturity of the note and lien to the 1st day of May, 1921. It recited therein the history with reference to the note and mortgage, and that the interest had been theretofore duly paid, and that it was understood from time to time that the note and mortgage should be extended; that Hawk had pur-

chased the note and agreed to extend the same until the 1st day of May, 1921, and that the note was extended to said date, referring also to the written transfer thereof, which it is stated was duly executed by Tubbs. It also recited the assumption of the payment of the note in the deed to Elva I. Holford by her, which was executed to her by W. H. and L. L. Holford, on the 16th day of April, 1920. It was agreed by the parties in the trial court that there is no other renewal or extension of that note and lien executed or acknowledged and recorded in the records of Hale county, Tex., as required by law.

Appellants offered in evidence an attachment issued out of cause No. 1812, J. W. Patterson v. L. L. Holford, dated August 4, 1920, showing a levy on all of the undivided interest of L. L. Holford in and to the 200 acres of land in question, and the date of the return showing that it came to hand on the 4th day of August, 1920, at 10:20 a. m., and executed on the 4th day of August, 1920, at 10:20 a. m., and filed August 4, 1920. Defendant also introduces in evidence the attachment lien record of Hale county, heretofore set out under Patterson's claim of title. Defendant also introduced in evidence citation in cause No. 1812, in the district court of Hale county, Patterson v. L. L. Holford, showing service of citation on L. L. Holford on the 23d day of April, 1920, at 4 o'clock p. m. in the city of Crystal Springs, county of Pasco, Fla. Defendant also introduced in evidence notice of lis pendens in cause No. 1898, J. W. Patterson v. W. H. Holford, covering the land in question, and filed in the office of the county clerk of Hale county on the 11th day of June, 1921, at 2:45 o'clock p. m., and recorded in lis pendens records of said county. It was agreed by the parties that this was the only lis pendens notice that had been filed in the case, and that no lis pendens notice was filed in cause No. 1812. It was also admitted that J. W. Patterson knew of the deed of trust lien at the time he instituted the suit against Holford in cause No. 1812 and at the time of the foreclosure of the attachment. There is no testimony in this record from the appellant Elva I. Holford as to the consideration actually paid for the land deeded to her by W. H. and L. L. Holford. All that the record shows is the recitation in the deed, and her good faith is not shown otherwise than by the deeds and records filed and recorded in Hale county.

Appellants contend the deed to Elva I. Holford conveyed to her a title superior to appellee in that there was no lis pendens notice filed in Hale county, as required by law, on the date of her purchase; that the recording of the attachment writ and the officer's return thereon did not operate as constructive notice. If the attachment lien record ever operated as constructive notice it continues to do so. The lis pendens statute does not repeal the statute with reference to recording attachment liens, directly or indirectly, as constructive notice. If recording the attachment and return in Hale county operated as constructive notice, then under articles 6839 and 6840 Elva I. Holford had constructive notice, and would not have been protected as a bona fide purchaser, although lis pendens was not filed as required by article 6837. Ater v. Knight (Tex. Civ. App.) 218 S. W. 648. However, in a recent case, Bank v. Craig (Tex. Civ. App.) 233 S. W. 631, it is held the recording of the attachment lien in the county of the venue of the suit had no effect whatever. In that case it appears apparently the court considered the burden of proving that the subsequent purchaser paid value with notice was on the creditor, who had an attachment lien recorded, and not upon the subsequent purchasers. In that case the subsequent purchaser alleged that he was a purchaser for value and without notice. The court in passing on the case said on that issue:

"The evidence fails to show that the intervener had any notice, actual or constructive, of the pendency of the suit."

We take it that the court considered the burden to be upon the attachment lienholder. In the original opinion filed in this case we advanced possibly a different view from the court in that case. The appellants also cite in their motion for rehearing the case of Burk-Simmons Co. v. Konz (Tex. Civ. App.) 178 S. W. 587, as holding that the burden was upon the purchaser before the assignment of a vendor's lien had been recorded. Konz had purchased the vendor's lien notes, and had taken a transfer thereto from the vendor before the suit was filed, but did not record the transfer before the date of purchase. Thereafter the vendee and maker of the note sold the land, and thereafter that purchaser from the original vendee brought suit against the original vendor of the land, the payee of the notes, to cancel the notes on the ground that they were barred, and did not make Konz a party thereto. Konz was therefore not a purchaser during the pendency of the suit, but was a purchaser before the suit was brought. That case, in our judgment, does not conflict with our holding. It was said that a person claiming the benefit of the rule pendente lite has the burden of bringing his case within it. We interpret that case as holding as to Konz who had purchased before the suit he was not a purchaser pendente lite, and the subsequent purchaser of the land was not an innocent purchaser thereof, as he purchased subject to the vendor's lien notes. That case we believe to be distinguishable from this, and should not control the disposition to be made herein. The holding in the Craig Case, supra, evi-

dently presents a different interpretation of the statutes to that given by us. While we hold in great respect the opinions of the learned court rendering that opinion, we have been unable to yield our interpretation of the statutes as to attachment liens affording constructive notice, and on the question upon whom rests the burden of proof. The reports from the Supreme Court proceedings show that a writ of error has been granted in the Craig Case. This, apparently, leaves the question therein unsettled, and we will therefore give our views on the statutes.

[1, 2] Under article 6858 it is declared to be the duty of the officer executing an attachment to immediately file with the county clerk of the county or counties in which the real estate levied upon is situated a copy of the writ, together with a copy of so much of his return as relates to the land in his county. This statute also requires the clerk of such county to enter into a book kept for that purpose the names of the parties to the suit, the amount of the debt, and the return of the officer making the levy, etc.

"If the real estate levied upon is situated in any county other than the one in which the suit is pending, then, in case of failure to make the record aforesaid, the attachment lien shall not be valid against the subsequent purchasers for value and without notice and subsequent lienholders in good faith."

The record for attachment liens and recording them evidently was intended to afford constructive notice thereof to all persons who may deal with the attached lands situated in the county of the record. Article 6842. The county of the pending suit is not excluded, but the enacting clause applies to all counties where the land or a part thereof levied upon is situated. But in counties other than the county of the pending suit, if no record is entered therein, bona fide purchasers and incumbrancers are protected by the act declaring as to such that the lien is invalid, but in the county of the pending suit it was doubtless the purpose of the act to leave the common-law rule of pendente lite to operate therein. The subsequent act requiring the filing of lis pendens notice and the record thereof does not expressly or by implication repeal the law authorizing the record of the attachment lien, making the record in the county where the land is situated of no effect. All that may be said of the latter act as affecting the former is that it repeals the common-law rule as to lis pendens in the county of the suit; is auxiliary to the former act in other counties.

[3] It is quite clear, we think, that it was not the purpose of the act, in declaring a failure to record the lien in a county where the suit is not pending invalid, to render a record in the county of the venue of no effect if the land is situated in that coun-

ty. The enacting clause of article 6858 is affirmative and general as to all counties authorizing the lien to be recorded therein, if the land is there situated. The quoted clause as to other counties than that of the venue is not an exception or proviso taking anything from the enacting clause with regard to recording attachment lien, but apparently only intending to exclude or provide against lis pendens in counties where the suit is not pending, which is an entirely different subject. This provision is not repugnant to the enacting clause, but is in entire harmony with it, and in fact is affirmative of the general purpose of encouraging the record of the lien in a book kept for that purpose, instead of relying upon the common-law rule. But if the quoted clause should be treated as an exception or proviso intended to restrict the enacting clause, it will be strictly construed, and will take no case out of the enacting clause, which does not fall fully within its terms. U. S. v. Dickson, 15 Pet. 141, 10 L. Ed. 689.

[4] The exception does not purport to deal with a recorded lien, but only with unrecorded liens in counties other than of the venue. It, therefore, is not a negative of the affirmative declared in the enactment. If there is any negative it is of the common-law rule which is found in the exception. A statute first expressing a general intent and afterwards an inconsistent particular intent, the latter will be taken as an exception from the former, and both will stand. Sutherland on Statutory Construction, § 153. It follows, therefore, the pendente lite statutes, article 6837 et seq., supersede or are auxiliary to the exception as above pointed out, and do not supersede the clause providing for the record of the attachment or statutory lien.

[5, 6] A statute without negative words will not repeal existing statutes unless there is an unavoidable repugnancy. "It is not sufficient that the subsequent statute covers some or even all the case provided for by the former, for it may be merely affirmative, accumulative, or auxiliary; there must be positive repugnancy; and even then the old law is repealed by implication only to the extent of the repugnancy." Sutherland, Statutory Construction, § 152; Wood v. U. S., 16 Pet. 342, 363, 10 L. Ed. 987. Thus standing, the attachment lien filed in Hale county when Elva I. Holford purchased, she was charged with notice thereof. The record was constructive notice. Articles 6839–6840 of the lis pendens statute excluded from its protection persons who have constructive notice of the lien. The above articles evidently intended to save from that act lienholders who had filed their liens under some other law, such as the record of attachment liens which afforded constructive notice.

[7, 8] This record presents the question upon whom rests the burden of proof to present the issue as to whether or not there

was a bona fide purchase. It is asserted by the appellee that one holding under the prior equitable title against the purchaser of the legal title, to prevail, it devolves upon him to show that the holder of the legal title is not a purchaser for value, and that he purchased with notice. This, we believe, presents substantially the rule, but the appellee was a creditor of the vendor of appellant, Elva I. Holford. At the time she purchased the appellee had sued one of her vendors, L. L. Holford, and secured an attachment, and levied the same on his interest in the land. The attachment under the statutes of this state fixed a lien on the land. R. C. S. arts. 267, 268. It is established in this state under our Registration Law that a creditor is not required to show he had no notice of a prior unrecorded deed or mortgage at the time of securing his lien on the land fixed by legal process, but the burden is on the holder of the prior unrecorded instrument from the debtor to prove notice of his rights to the creditor at the time of the levy. Barnett v. Squyres, 93 Tex. 193, 54 S. W. 241, 77 Am. St. Rep. 854; Grace v. Wade, 45 Tex. 522; Linn v. Le Compte, 47 Tex. 440; Robertson v. McClay, 19 Tex. Civ. App. 513, 48 S. W. 35; Turner v. Cochran, 94 Tex. 480, 61 S. W. 923.

The statutes and the decisions establish that a creditor, who by legal process fixes a lien on the land of the debtor, establishes, we think, a legal right as distinguished from an equitable title. The burden is not on the creditor to show lack of notice as to an outstanding unrecorded instrument at the time of the levy. The reason for that rule would seem to apply with equal force to a subsequent purchaser who is trying to defeat a legal right fixed according to law. The attachment is not an equitable title in the sense that it is not subject to the Registration Laws, but is a legal right subject to registration. In the case of Paxton v. Meyer, 67 Tex. 96, 2 S. W. 817, the Supreme Court said, speaking with reference to the charge of the court:

"If appellee purchased before the attachment was levied, then it is clear that he acquired Freeland's title, and a sale under a judgment enforcing that lien (he not being a party to any of the proceedings) would not have divested his title, whether made through the instrumentality of the probate court or otherwise. But if the levy was made before his purchase, then he was a purchaser pendente lite, and his purchase was subject to the lien, and it was not necessary that he should have been made a party to the application for an order of sale in the probate court in order to conclude his claim. After the attachment was levied the suit proceeded in the district court to determine the * * * existence of the indebtedness and the validity of the attachment as against Freeland. If he took a deed to the land after this, then he took subject to the lien, and a judgment against Freeland was a judgment against him, and neither he nor Free-

land's administrator could reopen the question in the probate court."

In the above case it was also contended by the purchaser that he had title by the three-year statute of limitation. With reference thereto the Supreme Court said:

"If the lien on the land enforced by the judgment of the district court had not attached at the date of his deed, he had the title by the conveyance itself; but if it had then attached, then the subsequent sale of the land in the enforcement of the attachment, by reason of the relation back to the date of the levy, divested the title he had acquired, and thereby left him unconnected with the sovereignty of the soil by any connective chain of conveyance."

[9] It is our view that upon foreclosure of the attachment lien and the sale thereunder the purchaser thereat obtained the title of L. L. Holford, which related back to the levy and divested the title out of him, which he had on the date of the levy. The appellee, therefore, established a legal title when he showed a lien, judgment, and purchase thereunder. It was then upon the appellant to show a prior right, or one acquired without notice, and that value was paid therefor. If she had notice of the attachment lien or did not pay value, she is not protected by the lis pendens statute. These facts, it seems to us, under the wording of the law, rested with her to show. Under articles 6839 and 6840, where lis pendens has not been filed as required, a party to the suit is not prevented from making an effective transfer to a third party for a valuable consideration and without other notice, actual or constructive. Notice of the pendency of the suit is not itself constructive notice, but merely a memorandum, referring intending purchasers to an examination of the court records and pleadings whether there is lis pendens concerning the land in question. While this statute does not declare conveyances void as to creditors and subsequent purchasers for valuable consideration without notice, as does article 6824, yet in order to make "an effective transfer," where the notice is not filed the transfer to the third party must be "for a valuable consideration, and without other notice, actual or constructive." In other words, there is no "effective" transfer if made without consideration and with notice. The third party must fall within the class to whom an effective transfer can be made, and, if not in that class, the transfer is not effective. Under the statute the burden, we think, is upon one claiming against an unrecorded conveyance or lien to produce evidence sufficient to bring himself within its protection; that is one to whom its language applies. The lien or title of the holder of such unrecorded instrument is good until it encounters that of one in whose favor the statute declares that the transfer is "effective." A case under the law is not made against the holder of the

older right by the mere production of the junior deed because the statute does not make the lien ineffective as against all subsequent deeds, but only declares such effect in favor of the party holding thereunder, paying a valuable consideration and without notice. By merely showing such deed the last claimant does not show he is the kind of transferee or incumbrancer mentioned in the law. The above in effect is the language of the Supreme Court in the Case of Kimball v. Houston Oil Co., 100 Tex. 336, 99 S. W. 852, where the distinction between the acts of 1836 and 1840, with reference to registration, is discussed and differentiated. It is our construction of the lis pendens statute that as to the burden of proof the same rule should apply as under the act of 1840 and as carried forward in our present registration law. The burden of proof is on the appellant, as we interpret the statute, to show that she was in the class to whom the law authorized a party in the pending suit to make an effective transfer; that is that she paid value and was without notice.

"This has been held to be the rule in every case in this court, in which the burden of proof has been discussed and in which the question was as to the relative merits of an elder unrecorded deed and a junior one to the same land," with two exceptions, under a different statute. Ryle v. Davidson, 102 Tex. 227, 115 S. W. 28.

"To entitle a subsequent vendee to have a prior unregistered conveyance postponed to his subsequent conveyance it must appear: First. That he was a purchaser bona fide. Second. That he purchased without notice, actual or constructive, of the title of the prior vendee. It must appear that the purchase money was bona fide and fully paid; and a recital of that fact in the deed is not sufficient. It must be proved by evidence, independently of the recitals in the deed." Bremer v. Case, 60 Tex. 151; Watkins v. Edwards, 23 Tex. 448.

For a full discussion of the probative effect of recitals as to payment of the consideration contained in a deed, in cases of this character, we refer to Ryle v. Davidson, supra. In this case there was no testimony, outside the deed, that appellant bona fide and truly paid the purchase money, or that she had no notice, actual or otherwise, of the pendency of the suit or the attachment lien.

[10, 11] It is contended by appellant that the attachment levy, issued August 4, 1920, rendered the former attachment issued and levied April 10, 1920, void; that it had the effect to vacate the lien. The judgment in that case foreclosed the first attachment, and the land was sold and bought in under that lien. We do not think the second writ of attachment had the effect to vacate the former. There is nothing to show that the former writ was defective, or that it did not establish or fix the lien. If it had been amended so as to fix the lien the lien might date from the amendment, but such is not the case here. The court found the first lien a valid lien, and decreed foreclosure, and the sale of the debtor's interest in the property as of that date. We do not think at this time the appellant can attack the writ, levy, and judgment of foreclosure; she could not have done so in that suit. Wasson v. Harris (Tex. Civ. App.) 209 S. W. 758. It is doubtless true if she could show there was no lien by the first levy on account of the defect in the first writ, she might possibly become a prior purchaser, but we do not think the record here presents that issue. We believe the trial court correctly rendered judgment for appellee for one-half of the land as against Elva I. Holford.

[12-15] As to A. B. Hawk, it is asserted that the appellee was charged with notice of the mortgage, and that as a creditor and purchaser of the land under the foreclosure of an attachment lien he could not plead the statute of limitation; that as he had notice of the mortgage he was estopped. There can be no serious question that the note and mortgage lien under which Hawk asserts his rights are barred. There was no extension agreement executed or recorded as required by article 5695, on the 10th day of April, 1920, when the levy on the land was made or on the date of the foreclosure of the attachment lien, September 11, 1920, or upon the sale thereunder to Patterson, December 8, 1920. Hawk procured a transfer of the note and mortgage lien to himself December 28, 1920, after Patterson's rights had fully attached. There is no pretense of an extension agreement until February 5, 1921. The statute expressly declares if the debt and lien is not extended of record or suit brought in such time, the right to extend of record or to bring suit shall be forever barred. This applies to the original maker, as well as to subsequent purchasers of the land. Adams v. Harris (Tex. Civ. App.) 190 S. W. 245; Canon v. Scott (Tex. Civ. App.) 230 S. W. 1042 (3, 4); Quick v. Anderson (Tex. Cr. App.) 232 S. W. 536. The appellee made Hawk a party defendant to the partition suit, and set up the bar of the statute to the mortgage lien, and sought to have such lien removed as a cloud. Hawk by cross-action sought a foreclosure to the lien, to which action appellee interposed the plea of limitation. This plea appellant asserts was not available to appellee. We think the cases cited determine this contention against appellant, as well as many other cases. Levy v. Williams, 20 Tex. Civ. App. 651, 49 S. W. 930, 50 S. W. 528; Gordon v. Hannaman (Tex. Civ. App.) 234 S. W. 569, and authorities there cited. Elva I. Holford, W. H. Holford, and L. L. Holford have renewed the debt due to Hawk, as evidenced by the extension agreement, thereby rendering themselves liable to him on the debt as a personal obligation, and the court properly rendered

judgment thereon as against them. Adams v. Harris, supra.

The disposition we have made of the above issues renders it unnecessary to discuss the other assignments and propositions. The motion for rehearing will be overruled, but we have on its hearing given additional reasons for our action in affirming the case, and appellants will be permitted to file another motion for rehearing.

The judgment will be affirmed.