McKENZIE v. EASTON et al.

(Court of Civil Appeals of Texas. Texarkana. June 15, 1911.)

**1. FRAUD (§ 28\*)—PARTICULAR TRANSACTIONS —TRANSFER OF NOTE.**

Where the note sued on had been executed by the maker as indemnity only to secure the payee against liability for an unsatisfied vendor's lien claim on certain land, to be surrendered on the maker's discovering the holder of the lien and satisfying the same, and not to be transferred, such note, after satisfaction of the lien, was without consideration, and a transfer thereof to an innocent holder by one knowing the situation constituted an actionable fraud against the maker.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 8, 26; Dec. Dig. § 28.\*]

**2. PRINCIPAL AND AGENT (§ 158\*)—LIABILITY OF AGENT—FRAUD.**

Where defendant H., acting for his divorced wife, made an exchange of land for her, in which he took a note as indemnity against an unpaid vendor's lien on the land received in the exchange, to be surrendered on satisfaction of the lien, with notice that the lien had been discharged, and of the maker's demand for the note, participated in the negotiation thereof to an innocent purchaser for value, he became personally liable to the maker for fraud, though he only acted as agent, and got no benefit from the transaction.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 597; Dec. Dig. § 158.\*]

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by N. L. Easton and others against E. W. McKenzie. From a judgment directing a verdict in favor of Burl Hambrick, against whom defendant McKenzie claimed judgment over for alleged fraudulent transfer of the note sued on, defendant McKenzie appeals. Reversed and remanded as to the issue of Hambrick's liability, and otherwise affirmed.

Hobart Key and Cowan, Burney & Goree, for appellant. Harris, Harris & Young and Lattimore, Cummings, Doyle & Bouldin, for appellees.

HODGES, J. In 1908 McKenzie, the appellant, conveyed two tracts of land to Mrs. Lewis, one of the appellees, in exchange for some lots in the city of Ft. Worth. There was at the time an outstanding vendor's lien claim amounting to something over $200 against McKenzie's land. This claim was in the hands of an unknown holder, and for that reason McKenzie was unable to satisfy it. In order to indemnify Mrs. Lewis against this incumbrance, McKenzie executed and delivered to her his promissory note for $245.70 due on or before May 15, 1909. The testimony offered upon the part of McKenzie was to the effect that this note was to be held by Mrs. Lewis merely as indemnity, and was not to be transferred or collected unless he failed to discharge the incumbrance above referred to. Mrs. Lewis, however, denies that she received the note upon such condition. But that issue of fact is not involved in the questions now before us. It seems to be conceded that McKenzie did discharge the lien before the note matured, and, according to his evidence, demanded of Mrs. Lewis the possession of the note, but failed to obtain it. A short time before the note matured, it was transferred by Mrs. Lewis to the appellee Easton as a part of the consideration paid in the purchase of other real estate. The trade for this land with Easton was made by Burl Hambrick, a divorced husband of Mrs. Lewis, who appears to have been somewhat interested in her business affairs on account of his children then living with his former wife. The testimony shows that Hambrick himself paid the greater part of the purchase price of this property, but took the deed in the name of Mrs.

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Lewis. The testimony also shows that in his negotiations with Easton Hambrick proposed to transfer this note as a part of the consideration; that Easton agreed to take it, provided upon investigation it was found to be good. Inquiry was made by his agent at a bank, and information obtained resulting in Easton's agreeing to receive the note as a part of the purchase price. The note was thereupon indorsed by Mrs. Lewis and transferred to him. At maturity payment, was refused, and this suit was instituted by Easton against McKenzie and Mrs. Lewis. At the instance of McKenzie, Hambrick was made a party, and a judgment sought over against him and Mrs. Lewis upon the ground that they had knowingly and fraudulently transferred the note to an innocent holder in violation of the terms of the agreement upon which it was held. Judgment was rendered against McKenzie and Mrs. Lewis in favor of Easton for the full amount of the note, and over against Mrs. Lewis in favor of McKenzie; but the court peremptorily instructed the jury to return a verdict in favor of Hambrick. This ruling and the refusal of the court to give a special charge submitting the issue as to Hambrick's liability for transferring the note are the only assigned errors which we deem it necessary to discuss.

The requested charge is as follows: "If you believe from the evidence in this case that the said Deering in the negotiation of the deal between E. W. McKenzie and Mrs. Lewis acted for and on behalf of the said Mrs. Mattie A. Lewis, and that, when he received the note of the said E. W. McKenzie, he undertook and agreed that the same should not be negotiated or transferred or be collectible by the said Mrs. Lewis if the said E. W. McKenzie should cause the lien to be paid off on the Colorado & Wharton Company properties, then you are charged that the evidence shows that the lien was paid off on said properties; and if you believe that said note was delivered upon said condition, and that said Hambrick and Lewis or either of them with knowledge of said condition sold the same to said Easton, then you will find for defendant, E. W. McKenzie, over against either of said parties, or both of them, that you may believe participated in the transfer of said note, having knowledge of its condition, if any." These rulings of the court are defended upon the ground that there was no evidence sufficient to warrant the jury in finding that Hambrick had knowingly aided in making a fraudulent transfer of the note to Easton, or that he knew of the conditions upon which the note was held by Mrs. Lewis. The testimony shows, as before stated, that Hambrick conducted the negotiations which involved the transfer of the note. It also tends to show that he knew of the conditions upon which the note was held. Deering, the real estate agent who represented Mrs. Lewis in the transfer of her lots to McKenzie, testified that he told Hambrick all about the trade, consulted him about the advisability of consummating it, and that Hambrick advised him to make the deal. He further testified that he told Hambrick that there was an incumbrance upon the land amounting to $245.70; that McKenzie had told him the note representing that debt was lost, or they could not locate the holder at that time, but that he, McKenzie, would clear the land, and, in order to indemnify Mrs. Lewis and secure her against that lien, he offered to give Mrs. Lewis his note for that amount upon the condition that it was not to be negotiated or collected except upon his failure to satisfy the lien as agreed. McKenzie testified that after paying off the lien, and when he demanded his note of Mrs. Lewis, she notified him that Hambrick had it; that he demanded it of Hambrick, and the latter informed him that Mrs. Lewis had it. He further testified that he met Hambrick on one occasion in his brother's office, and that Hambrick told him that he would see that he, McKenzie, got the note back. This testimony, we think, was sufficient to make an issue as to whether or not Hambrick knew of the conditions upon which the note was held by Mrs. Lewis.

[1] If at the time the note was transferred the debt and lien for which it had been given had been satisfied, then the note was without consideration. Its transfer to an innocent holder by one who knew of that situation, and in violation of an agreement not to negotiate, was nothing less than a fraud upon the rights of the maker.

[2] If Hambrick knew of the terms upon which the note was held, then the part which he took in its negotiation is enough to show that he was sufficiently active to become personally responsible for the damage which he aided in causing. It is no excuse that he was acting as an agent, or was not to get any benefit from the transaction. Kauffman v. Beasley, 54 Tex. 563; Poole v. H. & T. C. Ry. Co., 58 Tex. 134; 2 Clark & Skyles on Agency, §§ 788, 789; 31 Cyc. pp. 1560–2; Mechem on Agency, 573, 574.

We think the court erred in giving the peremptory instruction to find in favor of Hambrick, and the judgment in favor of Hambrick against appellant is reversed and the cause remanded. In all other respects the judgment is affirmed.