MILLER v. STEWART et al.
(No. 9118.)

(Court of Civil Appeals of Texas. Ft. Worth. June 7, 1919.)

BILLS AND NOTES ☞293, 296—INDORSEMENT WITHOUT RECOURSE—FORGED SIGNATURE.

An indorser "without recourse in any way" is liable to bona fide holder of note executed by husband and wife, and taken on strength of wife's signature, which was a forgery, the indorser warranting the genuineness of her signature.

Appeal from Scurry County Court; W. S. Adamson, Judge.

Action on note by J. C. Stewart and another against T. S. Stanfield and wife as makers and H. L. Miller as indorser. Judgment against indorser, and he appeals. Affirmed.

C. S. Perkins, Jr., of Snyder, for appellant.

M. E. Rosser, of Snyder, E. F. Smith, of Austin, and H. D. Durst, of Ranger, for appellees.

CONNER, C. J. J. C. and F. L. Stewart instituted this suit against T. S. Stanfield and his wife, Jettie Stanfield, as makers, and H. L. Miller as indorser of a promissory note for $750 owned by the plaintiffs. In behalf of T. S. Stanfield, it was alleged that he was an enlisted soldier in the service of the United States in foreign lands, and as to him the suit was abated. Mrs. Stanfield pleaded that her name on the note was a forgery, and this fact being established, she was discharged, and there is no complaint here made of the disposition of the case as to the Stanfields. H. L. Miller, however, pleaded that he had transferred and indorsed the note to the plaintiffs "without recourse in any way," and it was so shown by the indorsement and so found by the jury in answer to a special issue. Nevertheless the plaintiffs were awarded a judgment as prayed for, and the indorser, Miller, has duly appealed.

It was shown at the trial that T. S. Stanfield was financially irresponsible at all times involved, and that the note was worthless without the wife's genuine signature, and the question presented here is whether appellant is to be held as warranting the genuineness of Mrs. Stanfield's signature to the note, notwithstanding the terms of his indorsement. We have concluded that we cannot disturb the trial court's judgment, which in effect so affirms.

The general rule in cases of the ordinary indorsement of a promissory note "without recourse" is thus stated in 1 Daniel on Negotiable Instruments, § 670:

"When the indorsement is 'without recourse' the indorser specially declines to assume any responsibility as a party to the bill or note; but by the very act of transferring it he engages that it is what it purports to be—the valid obligation of those whose names are upon it. He is like a drawer without recourse, but who is nevertheless liable if he draws upon a fictitious party or one without funds. And therefore the holder may recover against the indorser 'without recourse' (1) if any of the prior signatures were not genuine; or (2) if the note was invalid between the original parties, because of the want or illegality of the consideration; or if (3) any prior party was incompetent; or (4) the indorser was without title."

See, also, 7 Cyc. 833, and 35 Cyc. 396.

It is not to be doubted that an indorser may by contract relieve himself from liability because of a want of the genuineness of the signatures to a note transferred by him, but there is no finding by the court or jury that on the occasion of appellant's transfer of the note under consideration that he expressly declined to guarantee the genuineness of the signatures to the note. Appellant insists that this is necessarily to be implied from the broad terms of the indorsement. It is true that the terms "without recourse in any way" seem sufficiently broad to include a refusal to be bound for the payment of the note even though the signatures might not be genuine. But we do not think that this is necessarily so. Appellant himself testified that at the time he made the indorsement he did not have in mind the question of whether the signatures to the note or either one of them had been forged; that he just assumed that they were genuine.

It was said, in speaking of a general indorsement by the court in the case of Bell v. Dagg, 60 N. Y. 528, and cited in 6 Ann. Digest, p. 718, that, "if nothing has been said in respect to the genuineness of the note, a general refusal to guarantee might well have been understood as confined to the responsibility of the maker." We think the implication suggested by the New York decision should certainly be indulged in this case, for not only did appellant testify, as stated, that at the time of the indorsement he assumed the signatures to the note to be genuine, but one of the appellees testified specifically that appellant, in discussing the matter of transfer, expressly stated that Mrs. Stanfield "signed the note." While this statement was denied by appellant, we must assume that the court credited it. If so, for yet another reason, it can be said that appellant, notwithstanding the general terms of his indorsement, will not be allowed to escape liability. There was evidence sufficient to support a finding that appellees in good faith purchased the note, giving full value therefor, without any notice that the name of Mrs. Stanfield had been forged. It was alleged in appellees' petition that the statement that Mrs. Stanfield had signed the note was an inducement to their acceptance of it, and to now hold that, notwithstanding the statement, appellant may invoke the terms of his indorsement to escape liability, would be to give effect to fraud; and it is a familiar principle that fraud will vitiate any contract. See Young v. Barcroft, 168 S. W. 392; Wells v. Driskell, 149 S. W. 205; Benton v. Kuykendall, 160 S. W. 438; 1 Daniel on Negotiable Instruments, § 722.

We conclude that all assignments of error should be overruled and the judgment affirmed.