### HARKEY v. GRAVES et al.    (No. 6347.)

(Court of Civil Appeals of Texas.    Austin. April 13, 1921.)

**Reformation of instruments &#8656;47—Judgment reforming instrument and enforcing it may be obtained in same proceeding.**

In Texas, where law and equity are administered in the same proceeding, if a mutual mistake has been made in reducing a contract, as a note, to writing, plaintiff may in the same proceeding obtain a judgment reforming the instrument and enforcing it according to its terms after it has been reformed.

Appeal from San Saba County Court; W. V. Dean, Judge.

Suit by C. J. Harkey, executrix, against John Graves and others. From judgment sustaining exception to plaintiff's petition, plaintiff appeals. Judgment reversed, and cause remanded.

W. M. Allison, J. F. Allison, and Rector & Rector, all of San Saba, for appellant.

Wilson & Johnson, of San Saba, for appellees.

KEY, C. J.    Mrs. C. J. Harkey, as executrix of the estate of I. M. Harkey, deceased, brought this suit against John Graves, J. W. Carroll, Hugh Miller, and Joab Brown, seeking to recover the amount due upon a promissory note. The original petition was filed June 9, 1915, and the amended petition

was filed June 4, 1920. In the original petition it was alleged that a mistake was made in the preparation of the note, and that it should have been made to read that it was due June 11, 1912, instead of June 11, 1911, as stated in the note. The plaintiff's amended petition contains the following averments:

"For cause of amendment plaintiff would show that on June 10, 1911, for a valuable consideration defendants made, executed, and delivered to I. M. Harkey, now deceased, their certain promissory note for the sum of $271.99, and on its face due same day made, to wit, June 10, 1911, and bearing 10 per cent. interest from said date, and providing for 10 per cent. attorney's fee if collected by attorneys.

"That the consideration of said note was for balance due on an original note for the sum of $418, and executed by each of said defendants and payable to said I. M. Harkey, and that the note herein sued upon for the sum of $271.99 was made in renewal of said balance on original note, including one year's advance interest from June 10, 1911, to June 10, 1912; that at the time of making said note for $271.99 it was the agreement and the intention of said I. M. Harkey and each of said defendants that said note should include one year's advance interest from June 10, 1911, and should mature and come due on June 10, 1912, and should bear no interest until after maturity on said last-named date, but after its maturity on June 10, 1912, said note should bear interest at the rate of 10 per cent. per annum; that M. F. Allison represented I. M. Harkey in granting said one year's extension on original note, and in preparing and receiving for said I. M. Harkey the note now sued upon for $271.99, balance due on said original $418 note, and including one year's advance interest on such balance. That the note now sued upon was made June 10, 1911, and by mutual mistake of said Allison and of the defendants herein said note now sued upon was made as becoming due on same day written, to wit, on June 10, 1911, and was made to bear interest from date at the rate of 10 per cent. per annum, while in truth and in fact, by agreement of all parties at the time said note was made, the same was to become due on June 10, 1912, and one year's advance interest was included therein, and that said note should bear interest only after maturity on June 10, 1912; that said note now sued upon as mutually agreed upon and as intended by all the parties hereto at the time of its making did in truth and in fact become due June 10, 1912, and bear 10 per cent. annual interest thereafter, all of which facts was at the time of the execution of said note well known to each of said defendants.

"That plaintiff herein is the surviving wife of said I. M. Harkey, deceased, and the executrix of his estate by virtue of the written will left by said I. M. Harkey, deceased, which will has been duly probated in the county court of San Saba county, Tex., as required by law, and that said C. J. Harkey has accepted such appointment and qualified as executrix under said will.

"Plaintiff would further show that said note now sued upon for $271.99 was written on blank form of printed notes kept on his desk by said M. F. Allison, and in which blank form the name of Riley Harkey appeared as payee of said note, and in the hurry of preparing said note by mutual mistake of said Allison and the defendants the name of Riley Harkey as payee was not erased, and the name of I. M. Harkey written therein instead; that while said note on its face named Riley Harkey as payee, in truth and in fact, said Riley Harkey did not own said note, and never had any interest therein, but that said note was always the property of I. M. Harkey after its execution, and now is the property belonging to the estate of said I. M. Harkey, and that plaintiff, executrix as aforesaid, is entitled to collect the same."

The defendants filed an answer, which included three special exceptions, a general denial, a plea of payment, and the four-years statute of limitations. The trial court sustained the third special exception to the plaintiff's petition, which exception reads as follows:

"Defendants further specially except to plaintiff's amended petition herein filed on June 4, 1920, wherein it alleges that defendants are indebted to I. M. Harkey in the sum of $271.99, due and payable on June 10, 1911, and evidenced by one promissory note, which said note was dated June 10, 1911, with interest at the rate of 10 per cent. per annum from date, and the interest becoming due at maturity hereof, and they further allege that there was a mistake in said note, which they allege was at the time of the execution of the same fully known to these defendants, there being a variance between the pleadings and the note sued upon, and tried to be cured by the pleadings in plaintiff's said petition. Wherefore defendants pray judgment of the court," etc.

The plaintiff has appealed. The record shows that the court held that the plaintiff was not entitled to prove a mutual mistake as to the time the debt became due, and also held that the note was barred by the statute of limitation.

The trial court erred in all the holdings referred to. In this state, where law and equity are administered in the same proceeding, if a mutual mistake has been made in reducing a contract to writing, the plaintiff may in the same proceeding obtain a judgment, reforming the instrument and enforcing it, according to its terms, after it has been reformed. Gammage v. Moore, 42 Tex. 170; Kelley v. Ward, 94 Tex. 289, 60 S. W. 311; National Bank v. McLane, 96 Tex. 48, 70 S. W. 201; Syler v. Culp, 138 S. W. 175.

As to the question of limitation, four years had not elapsed between the maturity of the debt and the filing of the suit, even according to the way the note read without being reformed.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.