**LUSE et al. v. BEARD.   (No. 6936.)**

(Court of Civil Appeals of Texas.  San Antonio.· April 25, 1923.  Rehearing Denied May 16, 1923.)

**1. Pleading ⚖═212—Demurrer not called to attention of the trial court deemed waived.**

Where a demurrer was not called to the attention of the trial court and no ruling was had thereon, it is deemed waived.

**2. Vendor and purchaser ⚖═280(1)—Allegation as to unknown claimed lien of third party held sufficient in vendor's suit.**

In vendor's suit to establish lien on land sold, allegations that a defendant claimed some interest in the land, of the exact nature of which plaintiff was not advised, which lien claim was inferior to plaintiff's, *held* sufficient to let in plaintiff's proof consisting of a prima facie case and to require such defendant to set up such claim as he had.

**3. Appeal and error ⚖═731(5)—Assignment that evidence does not support judgment held too general.**

An assignment of error that the evidence does not support the judgment is too general for consideration.

**4. Reformation of instruments ⚖═45(1)—Evidence held sufficient to reform deed and notes.**

In vendor's suit to reform indorsement on notes of third parties transferred by purchaser as part of consideration, to eliminate the words "without recourse" and to reform deed to the purchaser to show vendor's lien was retained, evidence *held* to support judgment for plaintiff.

**5. Bills and notes ⚖═293—Indorser liable on indorsement in case of fraud although indorsement without recourse.**

Where indorser· committed a fraud in sale of indorsed notes and in his representations, he was liable upon the indorsement, even though it was written "without recourse."

**6. Bills and notes ⚖═296 — Transferor of notes impliedly warrants them notwithstanding indorsement without recourse.**

, A transferor of notes impliedly warrants them, and such liability is independent of any liability as indorser and exists although the indorsement is without recourse, except as to solvency of parties; and, when the notes are payable to bearer, the transferor undertakes that he has no knowledge of any facts that would impair their validity, under Vernon's Ann. Civ. St. Supp. 1922, art. 6001—65.

**7. Bills and notes ⚖═397—Notice to fraudulent transferor not necessary.**

Where, at the time transfer was made of notes, the transferor knew they were without consideration, having been given for forged oil leases, the transfer was a fraud and no notice to him was necessary.

**8. Vendor and purchaser ⚖═266(6)—Lien arises in favor of vendor where notes were given as part payment.**

Where notes of third parties were given as part of the purchase money of land, as between the parties a lien arose in favor of the vendor, and, there being no intervening purchasers or creditors, that lien might be established and enforced in equity between the parties.

**9. Evidence ⚖═419(3) — Representation by grantee that words "other consideration" in deed included notes rendered evidence of such fact admissible.**

Where grantee represented that the words "other considerations" in his deed included notes, this was sufficient to let in proof that the "other considerations" referred to the notes.

**10. Pleading ⚖═228—Release of indorser by failure to sue in time properly raised as matter of defense.**

The contention that indorser was released because no suit was brought in time could not be raised by exception.

**11. Bills and notes ⚖═299—Where makers insolvent, suit against them not necessary.**

Where makers of notes were insolvent, suit against them was unnecessary to charge the indorser, where the notes contained a waiver on the part of drawers and indorsers of presentment for payment, protest, and notice of protest and nonpayment.

**12. Bills and notes ⚖═514—Evidence of suit against makers held competent.**

Where indorser defended on ground that suit had not been brought against makers, plaintiff holder could testify that the notes were presented to the makers for payment and that they refused to pay, and that he had been compelled to bring suit against the makers, which was still pending.

**13. Trial ⚖═201—Admonition not to consider anything except the questions of law presented held not improper.**

For the court to say orally to the jury that it would be improper to consider anything except the questions of law submitted to them *held* not an improper admonition.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by C. B. Beard against A. F. Luse and others.  Judgment for plaintiff, and defendants appeal.  Affirmed.

Moses & Rowe and Burney Braley, all of Fort Worth, for appellants.

Charles Kassel, of Fort Worth, for appellee.

COBBS, J.  Appellee sued A. F. and Mary E. Luse and R. S. Pipkin, appellants.  As against A. F. Luse the suit was to reform the indorsement made upon certain notes executed December 1, 1920, by V. G. Schimmel, G. D. Schimmel, and A. C. Stiles, payable to A. F. Luse, indorsed and transferred by Luse to appellee as a part of the consideration of the purchase price for the conveyance to Mary E. Luse to lot No. 21 and the north one-half of lot 20, in block 22 of South Hemphill Heights in the city of Fort Worth, which

deed has date December 15, 1920. The suit was also to reform said deed so that it would express and show that the vendor's lien was retained in the deed to secure the payment of said transferred notes which said notes were fraudulently indorsed "without recourse," when the indorsement should have been a straight transfer of the same without any restriction, qualification, or limitation. As to R. S. Pipkin, appellee sought to have said notes as reformed established and enforced against said land prior to and superior to any claim, if any, Pipkin might have thereon.

A. F. Luse and Mary E. Luse filed their answer containing general and special exceptions, pleas, and answers. The court overruled all their exceptions, to which ruling they excepted and preserved the same in the record.

R. S. Pipkin filed general exception and general denial, but the record does not show that the court passed upon his exception or that the same was called to the attention of the court for a ruling. The case was tried with a jury upon special issues submitted to it by the court, upon whose answer a judgment was entered for appellee, and we will remark here that the case is very largely a fact case with sufficient testimony to support their verdict, so that the judgment must be affirmed unless there are some errors of law committed requiring a reversal.

[1] The first proposition is that the language in the petition, "That plaintiff is informed and believes that the defendant R. S. Pipkin has or claims to have some interest in or lien upon said land, of the exact nature of which plaintiff is not advised, but said lien or claim, if any, is subject and inferior to plaintiff's said lien," is insufficient upon general demurrer to secure any relief, and says the court overruled the demurrer, and cites us to the Transcript, p. 20. An examination of that page of the transcript fails to, there or elsewhere, show that the demurrer was ever called to the attention of the court or that any ruling was had thereon, and hence we must conclude from this record that the same was waived. The exception was a general demurrer, and if it had been properly raised by any special exception the court, no doubt, would have compelled a more full and particular statement; but no such exception was presented or urged.

[2] We think, in the absence of any special exception, the allegation complained of was sufficient to let in appellee's proof. Pipkin was by such allegation called upon to set up such claim as he had, if any. On the contrary, he sat quietly by and permitted the appellee to establish his prima facie case and establish his lien on the land. Then was the time for Pipkin to speak or forever thereafter hold his peace. So far as the record shows, he had no claim whatever to be adjudicated. The knowledge was peculiarly within his breast. 22 C. J. 82; Pullman v.

Cox, 56 Tex. Civ. App. 327, 120 S. W. 1058; Rowe v. Ry. (Tex. Civ. App.) 205 S. W. 731; Ry. v. Day, 104 Tex. 237, 136 S. W. 438, 34 L. R. A. (N. S.) 111; Simpkin, Equity, 665; Robertson v. McClay, 19 Tex. Civ. App. 513, 48 S. W. 35.

Of course, if appellee had specially pleaded his case, he would have been required to prove the facts as alleged, upon a general denial. In the shape of the pleadings here, upon the general denial, the appellee was only required to prove a prima facie case, and so far as anything this record shows, established a superior lien.

[3] The second assignment really ought not to be considered because too general, for it merely states the evidence does not support the judgment. We overrule this assignment by simply saying there is evidence sufficient to support the judgment.

The third assignment is by R. S. Pipkin. We have already discussed this question, and again say there was sufficient evidence in the record to support the judgment in the absence of Pipkin making any proof of his claim, if any, but sitting quietly by when called upon to speak and by his silence permitting appellee to establish his apparently superior lien on the land. It may be said, in discussing the second and third propositions of appellant, it would be true as contended, had the jury found there was evidence that supported the proposition of ratification of the alleged act of appellant concerning the placing on the notes the words "without recourse," there could be no recovery or specific performance by him, but the jury found to the contrary. This is not a suit for the rescission of a contract. Appellee sought specific performance and reformation of the contract to make the indorsement speak the truth and to recover personal judgment on the notes against appellant and have it established as a lien on the land for part of the purchase price and the lien foreclosed.

[4] The proof showed that appellee relied on the indorsement of the notes as they were made at the time and before they went to escrow in the Continental Bank.

Appellant represented that the makers of the notes were solvent, and that fact was ascertained also by appellee before taking them, and the makers were supposed to be solvent and assured him they would be paid. When the notes were being indorsed to appellee by appellant, he first wrote on one of the notes, "I hereby transfer this note without recourse to C. B. Beard," whereupon appellee remarked, "Now, why do you write that without recourse; we had an agreement that you would sign them straight," and he replied, "Well, I will just rub the pen through this," which he did, and indorsed the four notes straight. Subsequently they were taken out of the Continental Bank. The statement concerning the first note upon which the pen ran through the words "with-

out recourse" was introduced in evidence with the other notes, showing this erasure corroborated appellee's testimony.

In regard to the deed appellee testified:

"I first saw the deed I finally signed to the Hemphill street property that morning; that was about, I think, the 17th day we closed this deal—of December. I mean by closing the deal, well when we went over to get those notes and I signed and acknowledged this deed—my wife and I. * * * The first deed he brought out had no vendor's lien retained in it, and I told him, I said, 'That was not our trade.' He sent out a young lady there to get a blank deed with a vendor's lien in it, and when she came back it never had a vendor's lien in it. * * * I just looked at the top and saw that the deed had a vendor's lien retained in it. Mr. Seiderman wrote the deed. I did not see him write it, but I presume he did. Mr. Seiderman represented Mr. Luse. I first saw the first deed that was presented to me either early in the morning of the same day or the day before; I won't be positive which. I told Mr. Luse that my objection was that I did not retain a vendor's lien to secure these notes that I was getting from him, and that he agreed to do, and I would have to have another deed with this placed in it, and the deed had to show that a vendor's lien was retained to secure these notes. I do not know where that first deed is; I did not have it; I do not know what became of it. What happened then—well, that was when they went and got another blank and had another deed written, and he asked me to make the consideration $16,000, if I had no objections, and he gave me his reasons—to save taxes, as they generally came to the records to get them, and if I had no objection to make it $16,000 instead of $25,000. I said: 'I have no objections; go ahead and make it $16,000.' The first deed did not recite a vendor's lien at all; I just looked at it, and it was a plain warranty deed, and I said, 'I want a deed with a vendor's lien securing these notes.' Q. Very well; now, when he produced the second deed, what, if anything, did he say to you? A. He just— Q. On the subject. A. When I called his attention that $16,000 didn't cover enough, he says 'It recites here "and other considerations"—that includes the whole thing, and you have my indorsement on Schimmel's notes. I don't think I read the second deed through, just saw the vendor's lien.'"

[5] In regard to the indorsement of the note, it having been determined that the appellant committed a fraud in the sale of the note and in his representations, he was liable upon the indorsement even though it was written without recourse. Miller v. Stewart (Tex. Civ. App.) 214 S. W. 565.

[6, 7] In making such transfer of the notes he impliedly warranted it, and such liability is independent of any liability as indorser and exists although indorsed without recourse, except as to solvency of parties, and when payable to bearer undertakes that he has no knowledge of any facts that would impair its validity, Corpus Juris, vol. 8, pp. 392, 397; Negotiable Instrument Law, Vernon's Tex. Civ. Stat. tit. 96½, 1922 Supp. art.

6001—65. At the time this transfer was made of the notes, appellant Luse knew they were without consideration, having been given for forged leases to bore for oil and other minerals. Transfer under such circumstances was a fraud and no notice to him was necessary. 8 Corpus Juris, 696; McKenzie v. Easton (Tex. Civ. App.) 138 S. W. 1089.

[8] The evidence shows that the notes were given as a part of the purchase money for the land, and as between the parties a lien arose in favor of the appellee, and there being no intervening purchasers or creditors, that lien may be established and foreclosed in a court of equity as between the parties. Wilcox v. First Nat. Bank (Tex. Civ. App.) 52 S. W. 560; Perry v. Woodson, 61 Tex. 228; Arlington Heights Ry. Co. v. Citizens' Ry. & Light Co. (Tex. Civ. App.) 160 S. W. 1109; Howe v. Harding, 76 Tex. 17, 13 S. W. 44, 18 Am. St. Rep. 17; Kleck v. Kleck (Tex. Civ. App.) 246 S. W. 724.

[9] The proof is satisfactory upon that point, for appellant represented that the words "other considerations" included the notes. That of itself was sufficient to let in proof that the other considerations referred to the mentioned notes. Kleck v. Kleck, supra.

[10, 11] We do not think there is anything in appellants' contention that the indorser was released because no suit was brought in time required to charge or fix an indorser's liability. Such contention could not be raised by exception as attempted but was raised properly as a matter of defense. The notes had all been declared due because of failure to pay the first note in accordance with the terms thereof giving the right to the owner and holder to declare them all due. The suit on the notes was brought to the August term, 1921, the earliest time in which the suit could have been brought alleging the makers were then insolvent which rendered any suit against them unnecessary for any purpose to charge the indorser for the notes contained a waiver on the part of the drawers and indorsers of presentment for payment, protest and notice of protest, and nonpayment. Another reason to relieve the appellee against the plea grows out of the further fact that the transaction so far as appellants are concerned was because of his fraud, which again relieved appellee of the necessity of presentment for payment, protest and notice of protest, and nonpayment and want of diligence, if any, in bringing this suit.

There was no error committed in permitting the notes to be introduced in evidence objected to under appellants' eighth proposition, which contains no statement thereunder, but refers us to his bill of exception No. 5 in the transcript. They were entirely competent and material in appellee's case, and the assignment is overruled.

[12] There was no error, as contended by appellant in his ninth and tenth propositions,

in permitting appellee to testify the notes were presented to the makers for payment and they refused to pay and that he had been compelled to bring suit against the makers which was still pending, which he tried to push as much as he could. This was entirely material in response to appellants' defense.

There is no error presented in appellants' eleventh proposition, and the court did not err in overruling the appellants' exception. The petition sufficiently alleged appellant had no intention of indorsing the notes as agreed upon, and the allegation that he represented the notes "had been or would be indorsed unconditionally" was not, in connection with the other allegations and facts in the case, error or harmful.

[13] There is no merit in appellants' twelfth proposition. It was not error for the court to say orally to the jury it would be improper to consider anything except the questions of law submitted to them. This was not an improper admonition, though not in writing.

We have carefully examined all the special issues and special charges requested by appellant without categorically naming them here. Of course, the court would not have been justified under the evidence in giving the special request for the jury to return a verdict in favor of appellant. In most of the requested charges and special issues requested, the same were practically submitted by the court in the charge to the same effect; possibly the only difference being in the phraseology.

The charge of the court very fairly and clearly submitted the real issues in the case, and we can conceive of no reason for giving the requested charges, or that it would have made any plainer to the jury the issues the court passed to them for answer.

We find no reversible error assigned, and having considered all of them, the judgment of the trial court is affirmed.