**CHENOWTH v. BECKHAM et ux.**   (No. 520.)

Court of Civil Appeals of Texas. Waco.
May 19, 1927.

Rehearing Denied Sept. 8, 1927.

**1. Vendor and purchaser ⬤➡254(4)—Vendors are entitled to equitable lien on land and foreclosure where notes taken as part consideration are bogus and consideration fails and no intervening purchasers and creditors are affected.**

Where vendors receive as part consideration notes fraudulently represented to be valid subsisting lien notes on other land, but in fact bogus, and the consideration totally fails, and no intervening purchasers or creditors are affected, the vendors are entitled to an equitable lien on the land together with foreclosure thereof.

**2. Venue ⬤➡5(2)—Suit to establish and foreclose lien on land is properly brought where land is located (Rev. St. 1925, art. 1995, subd. 12).**

Suit by vendors to establish and to foreclose an equitable lien on land sold is properly brought in the county where the land is located, under Rev. St. 1925, art. 1995, subd. 12.

Appeal from District Court, Freestone County; J. R. Bell, Judge.

Suit by J. J. Beckham and wife against E. B. Chenowth. From an interlocutory order overruling a plea of privilege, defendant appeals. Affirmed.

W. T. Henderson, of Dallas, and Williford & Geppert, of Teague, for appellant.

Boyd & Smith, of Teague, and Rennolds & Rennolds, of Mexia, for appellees.

BARCUS, J. [1] This is an appeal from an interlocutory order entered by the trial court overruling appellant's plea of privilege. Appellees filed this suit, alleging that they had by deed sold and conveyed to appellant 320 acres of land in Freestone county, and had taken as part consideration therefor certain notes which appellant had represented to be valid subsisting lien notes on other tracts of land and had agreed to indorse and guarantee the payment of said notes. They further alleged that the notes which had been given were bogus, that appellant had perpetrated a fraud upon them, and that the consideration paid them for the land had totally failed, and they alleged that by reason thereof appellant was indebted to them for the value of said land and that they were entitled to an equitable lien on the land to secure the payment thereof.

Appellees' cause of action depends in its entirety upon their right to recover judgment for part of the purchase money for the sale of the land and to fix and foreclose a lien securing same. Subdivision 12 of article 1995 of the Revised Statutes 1925, provides that:

"A suit for the foreclosure of a mortgage or other lien may be brought in the county where the property or any part thereof subject to such lien is situated."

[2] If appellees are entitled to any judgment against appellant, they are entitled to an equitable lien on the land, together with a foreclosure thereof, since it appears that no intervening purchasers or creditors are affected thereby. Luse v. Beard (Tex. Civ. App.) 252 S. W. 243, and authorities there cited. Appellees' suit being one to establish and foreclose a lien on land which is located in Freestone county, the trial court did not commit error in overruling the plea of privilege.

The judgment of the trial court is affirmed.