FIRST NATIONAL BANK OF ANDREWS, Appellant,

v.

J. Lynn JONES, Individually and Lynn Jones Insurance Agency, Appellee.

No. 11–82–007–CV.

Court of Appeals of Texas, Eastland.

July 8, 1982.

Rehearing Denied July 29, 1982.

Ronald E. Ragsdale, Andrews, Max Ramsey, Odessa, for appellant.

Ed Fulbright, Cayton, Gresham & Fulbright, Lamesa, for appellee.

RALEIGH BROWN, Justice.

· This is a suit on three promissory notes. First National Bank of Andrews sought judgment against J. Lynn Jones, Individually and Lynn Jones Insurance Agency upon Jones' endorsements. Jones admitted execution of the endorsements but defended, seeking reformation of the endorsements. Upon the jury's answers to special issues, a take-nothing judgment was rendered against the bank. It appeals. We affirm.

Jones was the payee and endorsor of the three promissory notes. The notes totaled $10,362 with interest at the rate of 10% after maturity. The notes were all single payment notes and provided for reasonable attorney's fees in the event of nonpayment.

In early July of 1979, Jones contacted the bank president, Raymond Bristow, by tele-

phone and determined that the bank was handling an account for Lynn Dale Long. Jones inquired as to whether or not the bank would be interested in purchasing these three promissory notes upon which Long was the payor. As a result of the telephone conversation, Jones and Bristow met in Bristow's office on July 12, 1979.. At trial, what was said between the two men at the meeting was disputed. Certain matters, however, were not in dispute. Jones and Bristow had not met personally and did not know each other before the meeting in the bank; Jones brought the notes with him when he came to the meeting; the notes were on a printed form which had been filled out on the front by Jones, or someone in his office, and had been signed by Lynn Dale Long as maker; Jones was the payee named on the front of the notes; and, on the back of each note was the following language:

> For value received, I, or we, hereby guarantee payment of the written note at maturity, or at any time thereafter, waiving demand, protest, and notice of nonpayment.

Jones admitted signing his name on all three notes above the quoted language and signing below it for his insurance agency. The notes were due December 15, 1979. The bank purchased the three notes and paid Jones the sum of $9,688.50 by its money order.

In January 1980, Jones learned from Long that Long had defaulted on the notes and was not going to pay them. When the bank made demand upon Jones to pay the notes, Jones refused. The instant suit resulted.

Jones' defense in the trial court and his position before this court is that he sought to reform the endorsements on the promissory notes to reflect the true intent and agreement of the parties which was that the bank purchased the notes without recourse as to him. He urged that the endorsement on the notes did not reflect the parties true agreement due to mutual mistake, or, alternatively, mistake on his part coupled with fraud or inequitable conduct

and knowledge on the bank's part. He contended that his signature below the guaranty provision onthe back of the notes was for the purpose of identifying himself with his agency. He contends that the signatures were at Bristow's direction and if the notes reflected they were with recourse to him, such agreement was in contravention of his and Bristow's oral agreement on July 12.

The primary thrust of the bank's position in the trial court and before this court is that it was error to admit parol evidence to vary the terms of the guaranty. It also argues that even if Bristow made a representation to Jones that he would not be liable on the note, such representation would not provide Jones with a defense. The bank urges that *Town North National Bank v. Broaddus*, 569 S.W.2d 489 (Tex. 1978) is dispositive of the matter. In *Broaddus* the court said: "(T)he mere representation by a payee to the maker that the maker will not be liable on the note does not constitute fraud in the inducement so as to be an exception to the parol evidence rule." It said further that before:

> (E)xtrinsic evidence is permissible to show fraud in the inducement of a note is the requirement there be a showing of some type of trickery, artifice, or device employed by the payee in addition to the showing that the payee represented to the maker he would not be liable on such note.

In the instant case, the bank contends trickery, artifice or device are not in issue, therefore, it was entitled to judgment on the note as a matter of law and parol evidence should not have been admitted.

In *Broaddus*, no attempt was made to reform the instrument. We must resolve then whether the rule set forth in *Broaddus* regarding the exclusion of parol evidence is equally applicable to a plea for reformation of such an instrument due to a mutual mistake. We hold that it is not.

The court in *Howard v. Young*, 210 S.W.2d 241 (Tex.Civ.App.—Amarillo 1948, writ ref'd n. r. e.), considering the purpose of reformation of instruments, said:

Courts of equity have always exercised jurisdiction over mutual mistakes and granted the relief of reforming written instruments by ascertaining the intent of the parties who executed them and conforming the writing to the real contract which they intended to make. *Latham v. Butler*, Tex.Civ.App., 17 S.W.2d 1083. The purpose of doing so is to adjust the instrument to the conditions of fact and make it effective to carry out the true purpose which the parties intended to express.

As stated in 10 Tex.Jur.3d Cancellation and Reformation § 1 (1980):

Reformation flows out of and accords with the real agreement and obligation of the parties; it is a means afforded by equity for correcting or compelling performance of the agreement as made. The term reformation connotes judicial relief by ascertaining the intent of the parties and conforming their writing to the real contract which they intended the writing to evidence, making formal correction when necessary. Its purpose is to adjust the instrument to the actual conditions of fact and make it effective to carry out the purpose which the parties supposed they had expressed.

Jones, by proper pleadings, sought to reform the notes to reflect that they were sold without recourse. Although the result of such correction incidentally affected his liability on the notes, such correction would not rescind the notes as would a finding of fraud in the inducement and of course the maker remains liable. We believe that the rule set forth in *Broaddus* is not applicable to suits for reformation of such an instrument due to mutual mistake.

■ The issue becomes then whether in the case at bar parol evidence is admissible to establish the alleged true intention of the parties. To make such a determination we first recognize that negotiable instruments are subject to reformation. The court in *Rattan v. Dicker*, 373 S.W.2d 306 (Tex.Civ. App.—Dallas 1963, no writ):

While there is a scarcity of authority in Texas on this identical question yet we believe that the rule of reformation of negotiable instruments, in a proper case, is applicable in this state. This is especially true in a case like this one where the rights of third parties are not affected. In 36 Tex.Jur., Sec. 9, Pages 727–732, the rule is stated that reformation has been applied and otherwise recognized as a proper remedy in cases of promissory notes and indorsements. *Fortenberry v. Warren Bros.*, Tex.Civ.App., 4 S.W.2d 101; *Harkey v. Graves*, Tex.Civ.App., 230 S.W. 750. In the case of *Reynolds Mortgage Co. v. Garrett*, Tex.Civ.App., 23 S.W.2d 835, wr. dis., a case involving an indorsement of a promissory note, the court said:

"Of course, in cases where fraud, accident, or mistake in making the indorsement without recourse is alleged, and there is a prayer to have a reformation of the indorsements, and the allegations are established, the indorsement will be reformed and the indorsee will be relieved of the legal effect of the indorsement as made. *Luse v. Beard* (Tex.Civ.App.) 252 S.W. 243; *Miller v. Stewart* (Tex.Civ.App.) 214 S.W. 565."

The court in *Estes v. Republic National Bank of Dallas*, 462 S.W.2d 273 (Tex.1970) said:

There are two basic requirements which must be met before the remedy of reformation is granted: first, the party claiming the relief must show what the parties' true agreement was, and second, he must show that the instrument incorrectly reflects that agreement because of a mutual mistake.

In *Cambridge Companies, Inc. v. Williams*, 602 S.W.2d 306 (Tex.Civ.App.—Texarkana 1980), writ dism'd, 615 S.W.2d 172 (1981) the court said:

As a general rule, parol evidence is admissible to reform a written instrument where there are allegations of a mutual mistake. *Continental Oil Company v. Doornbos*, 402 S.W.2d 879 (Tex. 1966); *Ace Drug Marts, Inc. v. Sterling*,

502 S.W.2d 935 (Tex.Civ.App. Corpus Christi 1973, writ ref'd n. r. e.).

\* \* \* \* \* \*

The general rule is set out in *St. Paul Fire & Marine Ins. Co. v. Culwell*, 62 S.W.2d 100 (Tex.Com.App.1933, jdgmt. adopted) as follows:

"Equity has jurisdiction to reform written instruments in cases of mutual mistake, but a written contract will not be reformed in equity because of a mistake, in the absence of fraud, unless it is mutual; that is, common to both parties, and each under the same mistake as to its terms."

An important and accepted exception to this rule exists. In *Conn v. Hagan*, 93 Tex. 334, 55 S.W. 323 (1900), the Texas Supreme Court stated:

"Where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining party, the instrument may be made to conform to the agreement or transaction entered into, according to the intention of the parties."

A further refinement of the exception may be found in *Warren v. Osborne*, 154 S.W.2d 944 (Tex.Civ.App. Texarkana 1941, writ ref'd w. o. m.), which held:

"Knowledge by one party of the other's mistake regarding the expression of the contract is equivalent to mutual mistake."

■ Jones properly pled for reformation due to mutual mistake and alternatively mistake on his part coupled with inequitable conduct and knowledge on the bank's part. If *Broaddus* were applicable to a suit for reformation we would hold that there is testimony in this case that the bank president asked J. Lynn Jones to sign above *and* below the guaranty provision for identification purposes. This testimony supports the trial judge's conclusion that there is such "trickery, artifice or device" as to permit the admission of parol evidence under the rule announced in *Broaddus* and in *Conn v. Hagan*, supra. Parol evidence was, therefore, admissible in order to show the true agreement of the parties. See *Olvey v.*

*Jones*, 137 Tex. 639, 156 S.W.2d 977 (Tex. Comm'n App.1941, opinion adopted); *Ace Drug Marts, Inc. v. Sterling*, 502 S.W.2d 935 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e.).

The jury found that Jones intended to transfer the notes without recourse on him; that Bristow knew Jones so intended; that Jones and Bristow had agreed that the notes would be sold without recourse; and, that Bristow failed to tell Jones that by signing his name on the back of the notes the bank would have recourse upon Jones for payment. The bank urges that there is no legally competent evidence or that the evidence was factually insufficient to support such jury findings. In considering and overruling the factually insufficient evidence points, we reviewed all the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). We considered only the evidence and inferences most favorable to the findings in reviewing the no evidence challenges and overrule same. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974).

The bank urges that the trial court erred in failing to rule that it was a holder in due course of the three notes and, therefore, entitled to judgment on the notes as a matter of law. We disagree.

■ Even assuming that the bank is a holder in due course of the notes, it would not be entitled to judgment as a matter of law because such a holder takes the instrument free from all claims and all defenses only of parties to the instrument with whom the holder has not dealt. Tex.Bus. & Com.Code Ann. § 3.305(b) (Vernon 1968). The Bank dealt with Jones.

■ We also overrule the bank's points of error contending that the trial court erred in overruling its motion for instructed verdict; its motion to disregard answers of the jury to certain special issues; and in refusing to grant its motion for judgment notwithstanding the verdict.

The court in *Collora v. Navarro*, 574 S.W.2d 65 (Tex.1978) said:

The rule as generally stated is that the plaintiff is entitled to a directed verdict when reasonable minds can draw only one conclusion from the evidence. The task of an appellate court in such a case is to determine whether there is any evidence of probative force to raise fact issues on the material questions presented. The court must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed, discarding all contrary evidence and inferences. *Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649 (Tex.1976); *Echols v. Wells*, 510 S.W.2d 916 (Tex.1974). When reasonable minds may differ as to the truth of controlling facts, the issue must go to the jury. *Najera v. Great Atlantic & Pacific Tea Co.*, 146 Tex. 367, 207 S.W.2d 365 (1948).

A jury finding to a special issue may be disregarded only if the finding has no support in the evidence and the court may only render judgment non obstante veredicto if a directed verdict would have been proper. Tex.R.Civ.P. 301.

We have held herein that there was sufficient evidence to support the jury's findings.

We have considered and overrule all points of error. The judgment is affirmed.